CINCINNATI, UNION AND FORT WAYNE RAILROAD COMPANY *v.* PEARCE.

COVENANT OF WARRANTY—MEASURE OF DAMAGES—EVIDENCE.—Suit by a railroad company upon the covenant contained in a deed executed by the defendant to the company. The complaint alleged that the company had neglected to record the deed, and that the defendant had conveyed to another; that by the laws of *Ohio,* where the lands were, the second grantee had a valid title, and had entered into possession, &c. Answer: 1. That the deed was executed in payment of a subscription of $3,000 to the stock of the company; that it was agreed by parol, at the time of making the written subscription and deed, and as part of the consideration thereof, that the company should not begin work until stock enough had been subscribed to complete the road, and that if the company should fail in this, within a reasonable time, defendant should be allowed to retract his subscription; that the company did fail to procure sufficient stock, and expended and wasted the stock subscribed, &c. 2. That the defendant re-sold the premises by the license of the company. 3. That the company promised and agreed to deliver to defendant the certificate of his stock at a place named; that it failed to so deliver the stock, though often demanded; that when it should have been delivered the stock was worth par, but had now become worthless, &c.

*Held,* that the written subscription and the deed constituted an entire contract between the parties, and that their terms could not be varied by

proof of any parol agreement or negotiations which preceded or accompanied the making of the written contract.

*Held*, also, that the acceptance of the writings bound the company to the terms of the written contract.

*Held*, also, that the plea of a license was bad.

*Held*, also, that the third answer was bad, because it did not allege that the defendant could have sold the stock if he had had the certificates, or even that he desired to sell it.

*Held*, also, that the measure of the plaintiffs' damages was the purchase money and interest thereon.

APPEAL from the *Adams* Circuit Court.

GREGORY, J.—Suit by the appellant against the appellee for a breach of covenant of warranty. The deed contained a stipulation that the conveyance was a conditional sale; that the grantor should have four years to re-purchase the land, by the re-payment of the purchase money, and in the meantime should retain the possession of the granted premises, without rent, paying the taxes and keeping the premises in good condition, &c.

The breach complained of is that the grantee failed to have the deed recorded, and that the grantor conveyed the premises to another; that by the laws of *Ohio*, where the lands are situated, the latter holds the premises, and that he has taken possession thereof, and evicted the appellant therefrom.

The appellee answered in six paragraphs. The first avers that the deed was executed in connection with a subscription by the defendant of $3,100 to the capital stock of said company; that at the time of the subscription and the execution of the deed, it was agreed between the plaintiff and defendant (which agreement on the part of the plaintiff was part of the consideration moving from the plaintiff to the defendant for the execution of the deed), that the company should not expend any portion of her capital stock in the construction of the railroad proposed to be built by the company, or commence work on the road, until enough stock should be subscribed to build the road ready for the cars, and that if the company should fail within a reasonable

time to procure enough stock for that purpose, the defendant should be permitted to retract his subscription, and should receive a re-conveyance of the premises; that the plaintiff violated the agreement in this, to-wit: that without having procured near stock enough to complete the road, the plaintiff proceeded to expend large amounts of work and money thereon without being able to finish the same, whereby the road was left unfinished, and the capital stock of the company was lost and wasted; that if the company had procured stock enough to complete the road before proceeding to work thereon, the road might have been finished, or, not having stock enough to finish the road, had forborne commencing work thereon, in either case, the stock which the defendant was to receive would have been worth a large sum of money, to-wit, $3,000. Wherefore the defendant, by the wrongful acts of the plaintiff, is damaged, &c., which he offers to recoup.

The second alleges that the defendant sold the premises as stated in the complaint, but did so by the special leave, license and permission of the plaintiff.

The third avers that the defendant sold the premises as charged, but did so by the special leave and license of the plaintiff, obtained by the defendant from *Samuel S. Mickle,* then and there one of the managing board of directors of the company, and the same person who had acted as agent for the company in procuring the conveyance from the defendant.

The fourth sets up that the defendant executed the conveyance in connection with a subscription by him of $3,100 to the capital stock of the company; that at the time of the execution of the conveyance, and in consideration thereof, the plaintiff promised to issue and deliver to the defendant at the clerk's office in *Decatur, Adams* county, *Indiana,* certificates of stock in the company to the amount of $3,100; that the plaintiff utterly failed to issue and deliver the stock at said clerk's office, or elsewhere; that the defendant often demanded the certificates there, and of the officers of the

company elsewhere, but has never received them; that at the time and for four years after the execution of the conveyance, and when the certificates were to have been issued and delivered as aforesaid, the stock of the company was valuable and worth its face; that the defendant's stock could have been disposed of by him, if he had had proper certificates therefor, for a large sum, to-wit, $3,100, but that the stock was of no value to the defendant, and could not be disposed of by him, because of the failure and refusal of the plaintiff to issue to the defendant certificates therefor, agreeably to the contract; and that the stock of the company is now entirely worthless. Wherefore the defendant is damaged by the failure of the plaintiff to perform its contract in the sum of $4,000, which he offers to recoup.

The fifth avers that the plaintiff never paid the defendant anything whatever for the lands mentioned in the complaint.

The sixth alleges that the plaintiff never paid him anything for the lands, and that at the time when the plaintiff was by the terms of the deed entitled to the possession of the premises, the same were worth as much as the plaintiff had had to pay the defendant for them.

The appellant demurred separately to each paragraph of the answer. The court overruled the demurrers to the first, second and fourth, and sustained the demurrers to the third, fifth and sixth.

The defendant amended the fifth paragraph by pleading the same matter in defense of the plaintiff's demand, except nominal damages. A demurrer to this amended paragraph was overruled. Issues were then formed on the first, second and fourth, and the amended fifth paragraphs, by the general denial. Trial by jury; verdict for the defendant; motion for a new trial overruled, and judgment.

The evidence is in the record. On the trial, at the proper time, the plaintiff offered to prove that the certificate of stock for the $3,100 was issued by the company, signed by its president and countersigned by its secretary, of the date

of the deed, upon which was indorsed, of that date, a certificate of full payment. The court excluded the evidence and the appellant excepted. This is one of the reasons assigned for a new trial in the motion therefor.

The errors relied on by the appellant are the overruling of the demurrers to the first, second, fourth and the amended fifth paragraphs of the answer, and the overruling of the motion for a new trial for error of law occurring at the trial.

It is claimed by the appellee that the oral agreement set up in the first paragraph of the answer does not contradict or vary the terms of the subscription of stock, or of the deed. When a contract is reduced to writing, the legal presumption is that the entire contract as finally settled is embraced therein, and all oral negotiations or stipulations between the parties which preceded or accompanied the execution thereof are to be regarded as merged in it, and it is to be treated as the exclusive medium of ascertaining the contract by which the parties bound themselves. *Oiler et al.* v. *Gard et al.*, 23 Ind. 212.

The written subscription to the capital stock of the company by the defendant, and the deed of the latter to the former, must speak in fixing the rights and liabilities of the parties in this case. They constitute the entire contract between the parties in legal contemplation. By the subscription, the defendant became a stockholder in the company, with the right to participate in the election of its directory. The legal effect of his contract of subscription threw around him all the protection to which he is entitled. That the subscription and deed were signed by the appellee, and not by the appellant, can have no bearing on this question. The acceptance of the writings bound the company to the same extent as though they had been signed by it. In *Rawson's Adm'x* v. *Copland*, 2 Sanford's Ch. 251, it was held, that where land is conveyed subject to a mortgage for which the grantor is personally liable, and the deed declares that the grantee is to pay the mortgage as a part of his

purchase money, he is liable to the grantor for the amount of the mortgage, as the same becomes due, in an action of assumpsit.

When one accepts a bill of lading, embracing the terms of the contract, it becomes binding on both parties, and parol evidence will not be received to contradict or vary its terms. *The Indianapolis and Cincinnati Railroad Co.* v. *Remmy, et al,* 13 Ind. 518.

We think the court erred in overruling the demurrer to the first paragraph of the answer.

The second paragraph is bad. The action is on the covenant of the appellee. That could not be released by a parol license without any consideration whatever. It is difficult to understand how the fact that the defendant sold the land under a license from the plaintiff could change the liability of the former on his covenant of warranty. The plaintiff may have been willing to rest on the covenants in the deed. This is not an action in *tort,* where a license would waive the wrong, but an action on a contract.

A majority of the court think that the fourth paragraph is obnoxious to a demurrer. The writer of this opinion regards the paragraph as bad for two reasons. By the legal effect of the contract of subscription, the defendant was entitled to his certificate of stock on demand at the office of the company. A demand and refusal at that place would perhaps amount to a conversion on the part of the company, and entitle the defendant to an action upon the implied promise, resulting by operation of law as a part of the legal effect of the subscription. See *The Commercial Bank of Buffalo* v. *Kortright,* 22 Wend. 347; *Kortright* v. *Commercial Bank of Buffalo,* 20 Wend. 90.

In *La Farge* v. *Rickert,* 5 Wend. 187, where there was a contract specifying no place for the delivery of portable articles, it was held that the law fixed the place, and that evidence of a cotemporaneous stipulation, to vary the instrument in this respect, was inadmissible. " Where the legal construction and effect of an instrument are well settled it

is," said the court, "varying the instrument to show that the parties intended something else, as much as it would be to prove that the terms used were not in accordance with the previous agreement." The authorities bearing on this question are reviewed in a well prepared note (494) to 2 Philips' Ev., Cowen & Hill's notes, p. 665 (4th Am. Ed.).

It is said, however, that these authorities do not apply to the case under consideration, for the reason that the promise to deliver the certificate results from a duty imposed by law. It is difficult to see the difference. The law would impose no such duty in the absence of the written subscription. It is the legal effect of the writing. The parol promise relied on in this paragraph, in my judgment, varied the legal effect of the contract of subscription, and, in my opinion, did not bind the company. But I agree with a majority of the court in holding that the paragraph does not show that the defendant was damaged by the failure of the company to deliver the certificate at the place agreed on. The certificate did not constitute the title to the stock. The registry of the stockholder's name upon the stock book of the company, opposite the number of his shares, gave him his title. *The New Albany and Salem Railroad Co.* v. *McCormick*, 10 Ind. 499. In legal contemplation, the certificate was merely an additional and convenient evidence of the ownership of the stock. The refusal of the company to deliver it at the place agreed on was no damage to the defendant, unless he thereby lost an opportunity to sell his shares, or unless he wished to put his stock upon the market and was unable to do so on account of the omission of the company. The defendant had the legal right to sell without the certificate. It might, however, so happen that a purchaser would desire to see the evidence of ownership afforded by the certificate; but this could only be in a special case, and good pleading would require it to be averred. There is no averment that the defendant offered, or even wished to sell his stock.

The amended fifth paragraph is immaterial. The meas-

ure of damages is the consideration money paid, and the interest thereon. Under the code, amounts are not admitted by a failure to deny them. The plaintiff must prove on the trial the amount of the consideration. That question is open to the defendant without pleading; but the plaintiff cannot be injured by the paragraph.

The evidence offered ought to have been admitted. It at least tended to show good faith on the part of the company.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrers to the first, second and fourth paragraphs of the answer, and for further proceedings in accordance with this opinion.

FRAZER, C. J., *dissenting.*—I do not concur in the foregoing opinion as to the second and fifth paragraphs of the answer.

*J. Smith,* for appellant.

*R. S. Taylor* and *L. M. Ninde,* for appellee.