MURRAY GIN CO. v. PUTMAN et al.
(No. 7182.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1914. Rehearing Denied Nov. 21, 1914.)

1. TRIAL (§ 139*)—PEREMPTORY INSTRUCTION.
A peremptory instruction for plaintiff is properly refused, where the evidence is sufficient to warrant a finding for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. APPEAL AND ERROR (§ 1002*)—EVIDENCE (§ 588*)—REVIEW—CONFLICTING EVIDENCE.
Where the evidence is conflicting, it is for the jury to reconcile such conflict; and where there is evidence to support their finding, it will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002;* Evidence, Cent. Dig. § 2437; Dec. Dig. § 588.*]

3. APPEAL AND ERROR (§ 1006*)—REVIEW—QUESTIONS OF FACT—SUCCESSIVE VERDICTS.
In an action for damages for failure of the seller to properly set up gin machinery, where the juries in three trials found that plaintiff was entitled to recover damages, which verdicts the trial court approved, the appellate court on a third appeal will not set aside the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

4. LIMITATION OF ACTIONS (§ 24*)—STATUTES APPLICABLE—BREACH OF CONTRACT.
The four-year statute of limitations, and not the two-year, is applicable to an action for damages resulting from the seller improperly setting up gin machinery.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 112–117; Dec. Dig. § 24.*]

Appeal from District Court, Navarra County; H. B. Daviss, Judge.

Action by C. A. Putman and others against the Murray Gin Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

McClellan & Prince, of Corsicana, and J. J. Eckford, of Dallas, for appellant. Richard Mays, of Corsicana, for appellees.

RAINEY, C. J. Appellees sued appellant to recover damages occasioned them by reason of failure of appellant to properly erect and install certain gin machinery, which caused loss during the year of 1907–08. Appellant pleaded general and special exceptions and general denial, and specially a breach of certain stipulations in the contract by appellees. A trial resulted in a verdict and judgment for appellees, from which this appeal is taken.

There have been three trials of this case, each resulting in favor of appellees. This is the third appeal, there being two reversals. The first is reported in 130 S. W. 631; the second, in 154 S. W. 245.

### Findings of Fact.

On July 15, 1907, appellant, through its salesman, W. E. Ellison, sold to appellees, by written contract, two gin stands and some other gin machinery. Said contract, among other things, contained the following clause: "Warranty.—Said machinery is warranted to be good material, to perform well, if properly operated by competent persons. Upon starting, if the purchasers, at any time within ten days, are unable to make same operate well, telegraphic or written notice, stating wherein it fails to conform to the warranty, is at once to be given by the purchasers to the Murray Company, Dallas, Tex. (and not verbally to some of its traveling men); and reasonable time shall be given to the Murray Company to send a competent person to remedy the difficulty, the purchaser rendering all necessary and friendly assistance to the Murray Company, which reserves the right to replace any defective part or parts, but such defective part or parts shall not condemn the machine to which it belongs. And if said machine cannot be made to fulfill the warranty, and the fault is in the machine, it is to be returned to place where received, and then another, as soon as practicable, substituted therefor, which shall fulfill the warranty, or the amount of the purchase price credited on notes pro rata, or money paid thereon refunded pro rata, neither party in such case to have or make any claim against the other."

---

Said warranty clause further provided that if at any time, at the request of the purchasers, the Murray Company should render assistance in operating the machine, or to remedy any defects therein, that the same was not to be considered a waiver or excuse for any failure of the purchaser or purchasers to fully keep and perform the conditions of this warranty, and that such assistance, if any, was to be rendered at the expense of the purchaser. After setting out the amount to be paid for such machinery, and the dates when such payment was to be made, with clause with reference to deed of trust, said contract contained a subhead, "Service of Men," which was as follows:

"It is hereby expressly understood that the Murray Company, if requested, will furnish a man to superintend the erection of above machinery, for which —— agree to pay, upon the completion of the erection of the machinery herein described, to the Murray Company, the sum of $4.00 per day for the time of said man while in transit to and from said job, and while engaged thereon, and, in addition thereto, the railrond fare and expenses of such man from factory to place of erection and return."

Partly above and partly below the subhead "Service of Men" is written: "W. E. E. will show how to set up goods without additional charge." "W. E. E." meant W. E. Ellison. Said machinery was delivered, and W. E. Ellison superintended the erection thereof. It was not properly erected, by reason of which it would not operate well. The Murray Company was notified of this fact, and sent at different times W. E. Ellison and two other of its employés to remedy the defect. The defect was not remedied during the season of 1907, and not entirely so during the season of 1908. Had appellees ginned all of the cotton which the evidence indicates would have come to them during the season of 1907, they would have ginned from 800 to 1,000 bales at a profit of $1 per bale. They ginned only 234 bales, on which they made no profit, but probably ginned the same at a loss. It was not alleged in appellees' petition that the machinery was in any wise defective; on the contrary, the evidence conclusively shows that the machinery was not defective, and that the only reason why it did not operate well was because it was not properly erected.

The evidence further shows that said machinery was not properly erected during the ginning season of 1907, nor in 1908, and that appellees suffered damages from the failure to properly erect, as per the contract.

### Conclusions of Law.

1. All of the questions of law arising upon the construction of the contract have been practically settled in favor of appellees by the decisions on the former appeals. See Murray v. Putman, 130 S. W. 631, and 154 S. W. 245.

[1] 2. The refusal of the trial court to give a peremptory instruction to find for appellant was not error, as the evidence was sufficient to warrant the jury in finding for appellees.

[2, 3] On the second appeal, among other things, it was held that the evidence as to the loss of profits and expenses for the season of 1907–08 was too vague and uncertain to form the basis of a verdict. On this trial the evidence is much fuller and more explicit on the question of damages. Therefore we cannot say that the evidence is too uncertain upon which to base a verdict. While there is conflict in the evidence, it is the province of the jury to reconcile such conflict; and, where there is evidence to support their finding, it will not be disturbed. There is always more or less difficulty in arriving at the just amount of damages sustained in suits of this kind, and, before the appellate courts will disturb the verdict of the jury, it must be shown to be clearly wrong. The deference given verdicts of a jury is shown by the following quotation from the opinion of Justice Wheeler in Duggan v. Cole, 2 Tex. 381, to wit:

"I confess my inability very clearly to see upon what evidence the jury did arrive at the exact result which constitutes their verdict. But I cannot undertake to say that they found without or against evidence. I can only say that, to my mind, the evidence is unsatisfactory. Since, however, it has been sufficient to satisfy two juries, and especially since the judge who presided at the trial, with means of forming a correct judgment very superior to those which we possess, was satisfied with the verdict, I cannot undertake to disturb it."

The juries in the three trials heretofore had in this case have found in each instance that appellees were entitled to damages. The judges presiding have approved the verdicts of the juries, and under the evidence we do not feel justified in setting the verdict aside.

3. On the second appeal the Third Court of Civil Appeals held that appellees had not used diligence in attempting to prevent the lessening of damages by operating the two Lummus gins appellees had on hand. On this issue additional evidence was introduced tending to show that appellees were not guilty of any negligence in that respect. The evidence on this trial at least was sufficient to raise an issue as to such negligence, which was properly presented to the jury in the court's charge.

[4] 4. The court did not err for failure to charge that appellees' claim for damages during 1908 was barred by the two-year statute of limitations. Appellees stopped ginning December 5, 1908. On December 3, 1910, they set up their claim for damages for 1908 by amended petition. Whether or not this is sufficient to prevent the statute of two years from embracing the full amount we deem it unnecessary to say, for the reason that this is an action for the breach of a written contract, and the two-year statute does not apply, but that of four years in applicable.

5. There was no error in the court overruling appellant's exceptions to appellees' peti-

tion, as it sufficiently alleged the grounds for a recovery.

6. We have examined each and every assignment of error, and consider none of such merit as requires a reversal of this case.

7. The evidence is sufficient to authorize the verdict, and the judgment is affirmed.

Affirmed.