J. B. SMITH v. G. G. NESBITT ET AL.

No. 2902.   Decided May 4, 1921.

(230 S. W., 976.)

1.—Limitation—Action on Written Contract—Deed—Assumption of Debt.

An action by vendor to recover interest payments to the State upon school land sold, and which, by the terms of the deed the vendee assumed to pay, was upon a contract in writing, and barred in four years, not in two, from the date of vendee's default.   (Pp. 188-191).

2.—Same—Payment—Action—Principal and Surety.

The action to recover for interest payments to another, due by the vendor and assumed by the vendee in a sale. of land, and which, by the latter's default, the vendor was compelled to pay for his own protection, was not dependent on the vendor's payment of the same and an implied promise of reimbursement, as to a surety paying his principal's debt. It arose upon the written contract, on vendee's default in payment, and independent of such payment by the vendor.   (P. 190).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from the County Court of Tarrant County.

Smith sued Nesbitt and others to recover for various items of interest he had been compelled to pay to the State because of default of defendants, who had assumed such payment. Demurrer was sustained to two of these items on the ground that action thereon was barred, and the action dismissed because the remaining amounts were insufficient to support the jurisdiction. Plaintiff appealed, and the Court of Civil Appeals, after pronouncing an opinion reversing and remanding, on motion pending for rehearing certified the question to the Supreme Court.

*Hunter & Hunter* for appellant.

The two years Statute of Limitation does not apply in this case, as the cause of action is based on promise in writing made by appellees to appellant, to pay the State his original obligations for the school lands, in part consideration for his sale and conveyance of said. lands to appellees, but the four years statute only applies. On appellant's right to sue: 3 Vernon's Sayles Civ. Statutes, Arts. 5423,-5435; 27 Cyc. p. 834 B. 835 C; City of Stanford v. Lincoln County (Ky.), 61 S. W., 463; Grand Island Merch. Co. v. McMeans, 83 N. W., 172; Beard v. Horton, 5 So., 207. On Limitation: 4

Vernon's Sayles Civ. Statutes, Art. 5688; Elder Dempster Co. v. Railway Co. 105 Texas, 632; Williamson v. T. & P. R. Co., 166 S. W., 692; Freeman v. Walker, & Sons, 175 S. W., 1135; Dowlin v. Georgs Mfg. Co., 125 S. W., 931; Vogel v. Zuercher, 135 S. W., 737; Fidelity & C. Co. v. Callaghan, 104 S. W., 1073; Lane v. Delta County, 109 S. W., 866; West v. El Campo Ld. Co., 32 S. W., 424, 426; Laredo Electric L. & M. Co. v. United States Elec. L. Co., 26 S. W., 310; Houston Saengerbund v. Dunn, 92 S. W., 429; Groos & Co. v. Brewster, 78 S. W., 359.

Appellant did not pay the interest as a surety, but he remained primarily liable to the State and was the only person liable for the interest, for the State could not accept the appellees on Smith's obligations until they filed their obligations in the land office in place of Smith's. Therefore, appellees did not become primarily liable to the State—in fact never became liable at all—and appellant did not become surety to the State, and hence there was no implied obligation involved in this suit. There was no surety because there were but two parties to the contract; there must be three to have a surety. There can be no implied promise where an express promise has been made. 4 Cyc. p. 326, C. 2; Freeman v. Railway Co. 173 Pa. St., 274, 33 Atl., 1034.

Jurisdiction over the sum or value of the matter in controversy is determined by the amount of the demand sued for. If the amount claimed in the petition is within the jurisdiction of the court on its face, it will not be lost by being reduced below its jurisdiction by any defense pleaded by the defendant, except the defense that the claim had been enlarged for the fraudulent purpose of conferring jurisdiction upon the court. Garth v. Childs, 126 S. W., 284; Ablowich v. Greenville Natl. Bank, 95 Texas, 429-433; Railway Co. v. Kaiser, 82 Texas, 144; City of Ft. Worth v. Williams, 119 S. W., 139; Rich v. W. U. Tel. Co., 110 S. W., 96; W. U. Tel. Co. v. Siddall, 86 S. W., 345; Hoffman v. Cleburne B. & L. Assn., 85 Texas, 409; Dwyer v. Bassett 63 Texas, 274; W. U. Tel. Co. v. Arnold, 97 Texas, 365; Watson v. Baker, 67 Texas, 48; City of Victoria v. Schott, 29 S. W., 681; Scarborough v. Powell, 2 App. Civ. Cases, Sec. 734.

*B. K. Goree*, for appellees.

Appellees by their assumption of appellant's debt to the State of Texas, became, as between themselves and appellant, primarily liable for said debt, and appellant became their surety, and the court did not err in so holding. Jones on Mortgages, Sec. 740; Mays v. Sanders, 36 S. W., 108; Thurmond v. Thurmond, 87 S. W., 878.

In the sale of school lands, the State of Texas occupies the same status as a private individual, and the assumption by appellees of the debt to the State of Texas due by appellant in no wise

changed the relation of principal and surety between them and appellant as would be the case in other private contracts, and the court did not err in so holding. Fristoe v. Blum, 92 Texas, 76.

Appellant having no independent security and his action being one for debt only, his causes of action accrued upon the payment of each item of interest upon said debt, as appellees surety, and were barred by the statute of two years limitation and the court did not err in so holding. Rev. Stats., Art. 3354; Faires v. Cockrell, 88 Texas, 428; Darrow v. Summerhill, 53 S. W., 680; Darrow v. Summerhill, 58 S. W., 158; Boyd v. Beville, 91 Texas, 439; Miers v. Betterton, 45 S. W., 430; O'Connor v. Koch, 29 S. W., 400; Gordon v. Rhodes, 116 S. W., 40.

The court did not err, because, the exceptions having been sustained to the two items in the petition which reduced the amount in controversy below the jurisdiction of the court, the court had no alternative but to dismiss the case. Western Union Tel. Co. v. Arnold, 97 Texas, 365; Granger v. Kishi, 139 S. W., 1002; Carswell & Co. v. Habberzettle, 86 S. W., 738.

The deed from appellant to appellees only evidenced the relationship of the parties, to wit: principal and surety, and the action is not upon the deed or contract, but upon the implied assumpsit arising out of the relation of principal and surety, and hence governed by the two years statute instead of the four years, and the court did not err in so holding.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The following statement is taken from the certificate of the Court of Civil Appeals, viz:

"On August 13, 1915, J. B. Smith, appellant, filed suit in the County Court of Tarrant County for Civil Cases against G. G. Nesbitt et al., alleging that on May 25, 1910, plaintiff conveyed to the defendants certain public school lands in Reeves County, upon which was due the State the sum of $1.87½ per acre; that the consideration for said conveyance on the part of defendants was the payment of $1,313.00 cash, and the execution and delivery of four vendor's lien notes of even date with deed in the sum of $1,313.00 each, payable to plaintiff, and the assumption by defendants in said deed of the obligation and debt, including principal and interest, payable to the State of Texas; that the interest due the State was payable on November 1st of each year and amounted to the sum of $73.31; that defendants refused and failed to pay the interest due the State for the years 1911, 1912, and 1913, and that plaintiff, in order to preserve his vendor's lien to secure the unpaid purchase price due him from defendants, and evidenced by the four vendor's lien notes hereinbefore described, was forced to pay, and did pay, the interest for said three years as follows:

Interest for 1911, paid March 11, 1912, $72.31; for 1912, paid June 10, 1913, $72.62; for 1913, paid July 23, 1914, $72.55. No vendor's lien was retained in the deed to secure the payment of the interest due the State and assumed by defendants. It was alleged that by reason of the assumption by the defendants of the obligation due the State, as hereinabove stated, defendants became liable to the plaintiff for said sums of money paid by plaintiff, with interest thereon at six per cent per annum from the respective dates of payment. That defendants also refused to pay the four vendor's lien notes, hereinabove mentioned, and plaintiff was compelled to sue defendants thereon and foreclose his lien upon the said land, upon which suit he recovered after several years litigation with defendants.

Defendants demurred generally to plaintiff's petition, and as to items alleged to have been paid March 11, 1912, and June 10, 1913, pleaded the two years' statute of limitations, alleging that as to said two items paid by plaintiff, if they were so paid, plaintiff paid them as a surety of said defendants, and that the two years' statute of limitation would apply, and that plaintiff was barred from a recovery thereon. Defendants further pleaded to the jurisdiction of the court, alleging that the amount sued for, after the elimination of said two items, was below the jurisdiction of the county court, and prayed that the cause be dismissed for want of jurisdiction.

The trial court sustained the defendants' exception as to items of interest for 1911 and 1912, and also sustained defendants' motion to dismiss the cause 'upon the ground that, the two items aforesaid having been stricken out on the exceptions to plaintiff's petition, the court had not jurisdiction of the amount remaining and involved in said suit, to-wit, the sum of $72.55.' From this judgment plaintiff appealed to this court. In an opinion, a copy of which accompanies this certificate, in Cause No. 8437, entitled "J. B. Smith, Appellant, v. G. G. Nesbitt et al, Appellees," this court held that the four years' statute of limitation, and not the two years,' applied, and further held that the trial court erred in sustaining the plea to the jurisdiction, or the motion to dismiss for want of jurisdiction. The judgment of the trial court, therefore, was reversed and the cause remanded, and the case is now before us on a motion by appellees for rehearing and to certify, and on a motion by appellant to reform the judgment, and to reverse and render.

We have concluded that appellees' motion to certify should be granted, and herein present the following questions for Your Honors' determination, to-wit:

1. Under the facts stated, did this court err in holding that the four years' statute of limitation and not the two years', applied?

2. Did this court err in holding that there was error in the action of the trial court in dismissing said cause for want of jurisdiction?"

We answer to Question I, that appellant's action was one for debt where the indebtedness was evidenced by and founded upon a contract in writing, and hence there was no error in holding that the statute of limitation of four years applied.

The recitals in the deed constitute an express agreement on the part of appellees to pay the obligation of appellant to the State, including each installment of interest. The failure of appellees to discharge each interest installment, at maturity, amounted to a breach of their agreement with appellant, entitling him to maintain a cause of action against appellees. The fact that the interest was to be paid to another did not change the actual loss to appellant, by reason of appellees' failure to perform their agreement. Appellant's estate would be as truly increased by diminishing his liabilities as by increasing his assets. The suit by appellant was simply an action to enforce appellees' express contract in writing to pay a part of the agreed consideration for appellant's right in the school land.

Had appellant sued prior to payment by him of the interest installments, it is doubtless true that appellees could, under proper pleadings, have had full protection against a double recovery, by suitable directions as to the application of the recovery awarded to appellant. But, the fact of non-payment by appellant would not have defeated his cause of action to enforce appellees' contract.

The proposition requires no extensive treatment that a cause of action does not arise from, nor depend upon, any implied promise, from a principal to a surety, of reimbursement of monies paid, when the asserted cause of action could have been maintained though the monies had not been paid.

The principles which support our answer to the certified question were stated by the Supreme Court of Massachusetts in Furnas v. Durgin, 119 Mass., 506, 507, 20 Am. Rep., 341, in the following language: "But there is no reason why an agreement may not be made which shall bind the party so contracting to pay the debt which another owes, and thus relieve him or his estate from it, and, if the promise thus made is not kept, why the promisee should not recover a sum sufficient to enable him so to do. Such is the construction to be given to the agreement in the case before us. As a consideration for the property conveyed to him, the plaintiff conveyed the Hyde Park estate to the defendant, who contracted not to indemnify the plaintiff against, but to pay the mortgages upon it, and, if he has failed to do this, the plaintiff should be entitled to recover the amount which the defendant thus agreed to pay. It is a portion of the consideration money due the plaintiff, which he was to receive by payment of a debt for which he was liable, which he thus recovers, when the defendant fails to perform his promise."

See also Chancellor of New Jersey v. Towell, 80 N. J. Eq., 223, 82 Atl., 861, 39 L. R. A. (N. S.), 365, Ann. Cases, 1914 A, 70; Blood v. Crew Levick Co., 177 Pa. St. 606, 55 Am. St. Rep. 744, 35 Atl., 871; 1 Jones on Mortgages Sec. 750.

Our answer to Question 1 renders it unnecessary to answer question 2.