McCRAW v. ROBINSON et al.    (No. 2509.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1922. Rehearing Denied March 2, 1922.)

1. **Limitation of actions** �köⁿ24(2)—**Four-year statute applies to vendee's contract to pay outstanding vendor's lien notes.**

The four-year statute applies to a vendee's assumption of an indebtedness evidenced by outstanding vendor's lien notes as part of the consideration named in the deed; such contract being founded on a written instrument.

2. **Limitation of actions** �köⁿ46(12)—**Limitation against outstanding vendor's lien notes runs from vendee's assumption of payment.**

Limitations run against outstanding vendor's lien notes, which a subsequent vendee agrees to pay as part of the consideration, not from the date of maturity thereof, but from the date of vendee's assumption of the debt.

3. **Vendor and purchaser** ⊆⇒278—**Requirement as to extension of vendor's lien notes inapplicable to assumption of payment of matured notes.**

Rev. St. art. 5695, requiring that the date of maturity of an indebtedness evidenced by vendor's lien notes be extended to be enforceable thereafter, is inapplicable to outstanding vendor's lien notes, the debt evidenced by which a subsequent vendee agreed to pay after maturity of the notes; the lien given by him to secure payment thereof being a new and distinct contract lien, inuring to the benefit of his vendor's creditor.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by J. K. McCraw against W. H. Robinson and others. Judgment for plaintiff in part and for defendants in part, and plaintiff appeals. Modified and affirmed.

This suit was filed on December 18, 1920, by appellant, against E. C. Summers, C. C. Summers, and C. L. Gee, to recover the amount of two promissory notes alleged to be secured by a vendor's lien on certain land described in the petition, and foreclosure of the lien being prayed for. The defendants answered by general denial, the plea of the statutes of limitations of four years in bar of the notes and the vendor's lien, and specially denying the execution or assumption to pay the notes. The trial court entered personal judgment in behalf of the plaintiff against the defendants for the sum of the notes and a foreclosure of the vendor's lien on the land to pay the amount of the second note, but in favor of the defendants as to foreclosure to pay the other note on the ground that the lien was barred by limitation. The court made the following findings:

"R. E. Hemphill and wife conveyed to S. H. and W. H. Robinson the land involved in this suit, by deed dated November 11, 1911, and not recorded. A part of the consideration therefor being two notes for $75 each of even date with said deed, due, respectively, December 1, 1912, 1913, bearing 10 per cent. interest per annum, and with attorney's fees· clause.

"W. H. Robinson and wife, Lula Robinson, and Nancy Robinson by their deed dated October 23, 1915, conveyed said land to E. C. Summers (deed not recorded), in which the consideration is stated to be two vendor's lien notes of even date with the deed for the sum of $162.50, each due December 1, 1916, 1917, respectively, with 10 per cent. interest per annum from date, interest payable annually as it accrues, with the following statement in the consideration clause of said deed, to wit: The said sale of this land is made to satisfy the payment of two part due vendor's lien notes of $75 each, and now being held by R. E. Hemphill of the county of Fannin and state of Texas.

"E. C. Summers by deed dated October 5, 1917, conveyed said land to defendant C. L. Gee, said deed being filed for record April 13,

1918, and the consideration clause in said deed, read as follows:

"'Know all men by these presents that I, E. C. Summers of the county of Fannin, state of Texas, for and in consideration of the sum of $600.00 to me paid and secured to be paid by C. L. Gee, as follows: $300.00 cash in hand paid, the receipt of which is hereby acknowledged, also a further consideration of two vendor lien notes dated October 23, 1915, for the sum of $150.00 each, and due as follows: First note due and payable December 1, 1916, second note due and payable December 1, 1917, said notes bearing interest at the rate of ten per cent. per annum from date until paid, said interest payable annually as it accrues.'

"That each said three deeds were general warranty deeds, and each retained a vendor's lien on said land described in plaintiff's petition. Two notes for $75 each, given by Robinson to Hemphill, have been paid.

"That on October 5, 1917, when Summers' deed to Gee was made, Gee paid plaintiff, McCraw, who then held the two notes of $162 each, all the interest on said two notes to that date, also paid McCraw the sum of $12.50 on the principal of each of said notes, thereby reducing each of said notes to principal sum of $150 each.

"That one of the notes sued on matured December, 1916, and that same was barred by limitation of four years at the time this suit was filed, which was on December 18, 1920.

"That defendant Gee assumed to pay both of said notes, so reduced to $150, when he accepted the deed to him from Summers, dated October 5, 1917.

"I conclude as a matter of law that the note so reduced to $150, matured December 1, 1916, is a personal obligation of defendant C. L. Gee to pay J. K. McCraw, but the same constitutes no lien against the land.

"That the note maturing December 1, 1917, is not barred, and that it is a vendor's lien on the land to the extent of the principal sum of $150 with 10 per cent. interest from October 5, 1917, and 10 per cent. attorney's fees, and that plaintiff is entitled to a foreclosure on said land for said principal sum of $150 said interest and attorney's fees.

"That plaintiff is entitled to a personal judgment against Gee for said sum of $150, with 10 per cent. interest thereon from the 5th day of October, 1917, and 10 per cent. attorney's fees, on the note maturing December 1, 1916, and for costs, and judgment has been rendered accordingly. To which the plaintiff and defendants both except."

Paul McMahan and Cunningham, McMahon & Lipscomb, all of Bonham, for appellant.

Thos. P. Steger, of Bonham, for appellees.

LEVY, J. (after stating the facts as above). The appellant challenges the court's finding of fact in paragraph 7, and the conclusion that the vendor's lien securing the amount of the first note was barred by limitation. The points made are: (1) That the defendant C. L. Gee, having assumed to pay the amount of both of the notes, reduced to $150 each, when he accepted the deed to him

from E. C. Summers, dated October 5, 1917, the assumption of the debt was in writing, and the statutes of four years limitation were applicable, and began to run against C. L. Gee from the date of the assumption to pay same, there being no agreed date in the future in which to pay same; and, (2) C. L. Gee having given an express vendor's lien to secure the payment of the debt evidenced by the two notes of E. C. Summers when he accepted the deed to the land, the court erred in not foreclosing such contract lien.

The court's findings of fact are, in effect, by proper interpretation, that C. L. Gee did not assume to pay the notes according to their face and tenor, but did assume to pay, as his personal obligation, the debt of E. C. Summers owing by him as a part of the consideration for the land, as evidenced by the notes of E. C. Summers, then held and owned by appellant, McGraw. The evidence fully supports the court's findings in that respect. The deed of E. C. Summers accepted by C. L. Gee, dated October 5, 1917, conveyed the land to C. L. Gee, and he acquired it, "in consideration," as the deed recites, "of the sum of $600," which was "paid and secured to be paid by C. L. Gee." Of the $600.00 "$300.00 cash," as recited, was "in hand paid," and the remaining $300.00 was to be evidenced by the two vendor's lien notes described, which, by their description and the evidence of C. L. Gee, are identified as the two vendor's lien notes given by E. C. Summers and held and owned by the appellant. And C. L. Gee testifies:

"I bought the land from E. C. Summers. I bought the land for $600. I let him (Summers) have $100 worth of live stock, paid him $150 in money, and paid over to McCraw $50."

This evidence admits the consideration recited in the deed is correct, and that it was in fact the agreement. Further, C. L. Gee testifies:

"I did not assume the notes. I knew they were against the land, and I agreed to pay them, the two notes, for $150 each. The notes that are mentioned in the deed on which this suit is brought are the two notes of $162.50 each. I paid the interest and also $12.50 of principal of each note at the time of deed. Mr. McCraw got the money."

[1, 2] Clearly the undertaking of C. L. Gee, as shown by the deed, was to purchase and acquire the land for "the sum of $600," which sum was by C. L. Gee to be "paid and secured to be paid" in the agreed manner of $300 cash and "two vendor's lien notes dated October 23, 1915, for the sum of $150.00 each." And the deed expressly retains a vendor's lien against the land conveyed to secure the payment of the two notes. It was not an agreement to pay "the sum of $600.00" and to take the land "sub-

ject" to the two outstanding vendor's lien notes, but it was an agreement that the debt itself, evidenced by the two outstanding vendor's lien notes and made a part of the $600 consideration, was to be "paid and secured to be paid by C. L. Gee." The recitals in the deed constitute, we conclude, an express agreement on the part of C. L. Gee to pay the debt of E. C. Summers, principal and interest, evidenced by the two vendor's lien notes. When C. L. Gee assumed to pay the obligation of E. C. Summers as a part of the consideration for the land, such obligation became the debt of C. L. Gee, for which he is liable to E. C. Summers or to the legal owner and holder of the same under him. And accepting the deed, as C. L. Gee did, in which he assumes both to pay and "secure to be paid" the debt specified, the four-year statute of limitation applied, being a contract founded upon a written instrument. Smith v. Nesbitt (Tex. Sup.) 230 S. W. 976. Therefore the court did not err in entering a personal judgment for the sum of both the notes. But we think the court did err in refusing to foreclose the vendor's lien for the sum of both the notes. The debt evidenced by the first note was not barred by limitation, and neither was the vendor's lien, sought to be foreclosed, barred by limitation at the time the suit was brought. Limitation of four years began to run from the date that C. L. Gee assumed to pay, as his personal obligation, the debt evidenced by the two notes. For as there was no date fixed, in the agreement or the deed, at any time in the future on which C. L. Gee was obligated by his promise to pay the debt, the law, in these circumstances, would imply that the debt, at least that evidenced by the first note, was intended to be paid on demand at any time made from the date of the agreement. Consequently limitation would begin to run from the date of making the promise, when demand for payment could have been made upon C. L. Gee. And having given, as Gee did, an express contractual lien to secure the payment of the debt, such lien could be legally foreclosed, and should have been in this case. The lien was not barred until four years from the date it was expressly given by C. L. Gee in his deed to him, and at the time the suit was filed the four years had not expired by some months.

[3] The judgment denying a foreclosure of the lien as to the debt of the first note seems to have been founded on the conclusion that limitation began to run against the first note from its maturity as expressed on its face, and that any extension of the lien was not made under the terms of article 5695, R. S., so as to be enforceable thereafter. The appellant Gee did not assume the note according to its face and tenor. The note was due and payable according to its face on "December 1, 1916," nearly 10 months before appellee Gee's promise or obligation was undertaken by him. It was impossible for him to pay it at the date it was due according to its face. He merely assumed the debt itself, evidenced by the note, which was payable by him from and after his promise to pay same. The lien given by Gee was not a renewal or the extension of the prior lien of E. C. Summers, but a new and distinct contract lien by C. L. Gee to E. C. Summers, inuring to the benefit of the holder and owner of his debt. The statute and the authorities cited have no application to the facts of this case.

The judgment is modified so as to allow, foreclosure of the vendor's lien as to both the notes, and, as so modified, is affirmed. The costs of appeal are taxed against appellee C. L. Gee.