## ORBECK v. ALFEI. (No. 259.)

(Court of Civil Appeals of Texas. Waco. June 25, 1925. Rehearing Withdrawn on Motion of All Parties Oct. 29, 1925.)

**1. Contracts ⬚➩43—Contract signed by one and accepted by other binds both.**

When a contract between two persons is reduced to writing and signed by one of them only, but accepted by the other, it becomes, in contemplation of law, a written contract binding on both.

**2. Evidence ⬚➩383(7)—Recital is prima facie evidence of consideration and of payment thereof, subject to refutation.**

Recital of consideration is prima facie evidence of consideration and of payment thereof, subject to refutation on either point.

**3. Vendor and purchaser ⬚➩168—Deed signed only by grantor obligated latter to pay consideration.**

Deed signed only by grantor, and accepted by grantee, obligated latter to pay consideration recited in deed.

**4. Vendor and purchaser ⬚➩317 — Whether grantee paid consideration recited in deed held question for proof.**

Whether grantee paid consideration recited in deed *held* question for proof.

**5. Limitation of actions ⬚➩24(2)—Deed signed by one party held contract in writing within statute of limitations.**

Within Rev. St. 1911, art. 5688, limiting actions on contracts in writing to 4 years, a deed signed only by grantor, and accepted by grantee, is a contract in writing.

**6. Interest ⬚➩21—Amount fixed by jury's finding as being due bore interest at legal rate until paid.**

Where a finding of the jury fixed the amount due plaintiff at the time she delivered a deed to defendant, such amount bore interest at the legal rate until paid.

**7. Appeal and error ⬚➩218(2)—Appellant, failing to request in writing special issue deemed by him to have been raised by evidence, held not entitled to complain of special issue submitted.**

Appellant, failing to request in writing special issue deemed by him to have been raised by evidence, *held* not entitled to complain of special issue submitted, and which the evidence justified.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Action by Mrs. Annie Alfei against O. C. Orbeck. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. P. Robertson and Geo. L. Robertson, both of Meridian, for appellant.

W. V. Dunnam, G. Tom Shires, and J. A. Kibler, all of Waco, for appellee.

GALLAGHER, C. J. This is an appeal from a judgment of the district court in favor of appellee, Mrs. Annie Alfei, awarding a recovery against appellant, O. C. Orbeck, in the sum of $1,275, with legal interest thereon, as unpaid balance of the agreed purchase price of a tract of land conveyed by appellee and others to appellant. Other parties were made defendants in the district court, but appellee dismissed her suit against them, and they are not parties to this appeal. Appellant does not complain of such dismissal.

Appellee, on February 7, 1920, owned a tract of land consisting of 340 acres. By deed bearing said date she conveyed the same to appellant. She was joined in such conveyance by certain other parties, but none of such parties were shown to have any beneficial interest in said land. The deed recited a cash consideration of $3,000, besides the assumption of various items of indebtedness. There is no contention that appellant has not discharged the indebtedness so assumed. The only issues of fact involved herein arise out of said recital of a $3,000 cash consideration. The court submitted the case to the jury on special issues. Said issues and the answers of the jury thereto are as follows:

"(1) Was the consideration stated in the deed from the plaintiff, Mrs. Annie Alfei, to the defendant, O. C. Orbeck, paid by him in full? Answer: No."

"(2) What amount, if any, of the consideration mentioned in the deed from plaintiff, Mrs. Annie Alfei, to defendant, O. C. Orbeck, still remains due and unpaid? Answer: $1,275."

The court rendered judgment for appellee against appellant for said sum of $1,275, with legal interest thereon from the date of said deed until time of trial, amounting in the aggregate to $1,644.75.

[1] Appellant complains of the refusal of his request for a peremptory instruction. He contends that appellee's cause of action was barred by the statute of limitation of 2 years, and that on account of such bar the court erred in refusing such charge. Appellee's deed, as before stated, was dated February 7, 1920. This suit was filed August 18, 1923. More than 3 years therefore elapsed between the date of the deed and the filing of this suit. The cash consideration recited in the deed was $3,000, and receipt of the same was acknowledged. When a contract between two parties is reduced to writing and signed by one of them and accepted by the other, it becomes, in contemplation of law, a written contract, and will be so treated by the courts of this state. Clegg v. Brannan, 111 Tex. 367, 372, 234 S. W. 1076; Martin v. Roberts, 57 Tex. 564, 567, 568; Elder, Dempster & Co. v. St. L. S. Ry. Co., 105 Tex. 628, 635–640, 154 S. W. 975.

[2] The recital in the deed is prima facie evidence of the amount of consideration and

⬚➩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the payment of the same, but subject to refutation on either point by evidence. Haldeman v. Chambers, 19 Tex. 1, 43; Fowlkes v. Lea, 84 Miss. 509, 36 So. 1036 (mid. col. 2) 68 L. R. A. 925, 2 Ann. Cas. 466. The court heard evidence on both said issues. Appellee testified appellant was to pay her $3,000 cash as recited in said deed, besides the other considerations agreed upon. Appellant testified as a witness in the case. He did not dispute the recitals in said deed nor testify concerning the consideration agreed upon therefor. Appellant introduced testimony tending to show that he had paid said sum partly in cash and partly by conveyance of property to another party for appellee. The testimony also tended to show that a part of such property was without any substantial value, and that the value of the remainder thereof was comparatively small. Appellee testified that she never agreed to accept any part of the consideration in property, and that she refused to accept the property tendered. The court submitted the question of payment of the consideration to the jury, and the jury found that $1,275 thereof remained unpaid.

[3-5] Article 5688 of the Revised Statutes provides that all actions for debt, when the indebtedness is evidenced by or founded upon any contract in writing, shall be commenced within four years after the cause of action accrues. Appellee's suit for the balance of the purchase price recited in the deed was founded thereon. Such deed was a written contract, binding alike upon appellant and appellee, regardless of the fact that appellant did not sign the same. Its acceptance by appellant imposed on him an obligation to pay the consideration recited therein. The evidence showed that the consideration so recited was actually agreed upon. If appellant paid such consideration at the time, his obligation was discharged. If he did not so pay, his obligation continued and constituted a debt owed by him to appellee. Whether he had so paid, as contended by him, or whether he had not done so, as contended by appellee, was a question for proof. It has been expressly held in this state that the written contract need not in terms contain a promise to pay nor a recital of such promise. Laredo Electric L. & M. Co. v. United States Elec. L. Co. (Tex. Civ. App.) 26 S. W. 310; Fidelity & Casualty Co. v. Callahan & Graham (Tex. Civ. App.) 104 S. W. 1073, 1074; Lewis v. Taylor (Tex. Civ. App.) 204 S. W. 383, 384; Lawrence v. Cananea Consol. Copper Co. (Tex. Civ. App.) 237 S. W. 959, 961; Murray Gin Co. v. Put-

man (Tex. Civ. App.) 170 S. W. 806, 807; Tinsley v. Penniman, 8 Tex. Civ. App. 495, 29 S. W. 175; Fowlkes v. Lea, supra, p. 1037 (84 Miss. 515). Appellee's suit being founded upon a contract in writing, the 4 years' statute referred to above and not the 2 years' statute relied on by appellant, governs, and determines the issue of limitation against appellant. Smith v. Nesbitt, 111 Tex. 186, 188–190, 230 S. W. 976; McCraw v. Robinson (Tex. Civ. App.) 239 S. W. 275, 276, 277; Fowlkes v. Lea, supra; Elliott v. Saufley, 89 Ky. 52, 11 S. W. 200, 201; Midland Ry. Co. v. Fisher, 125 Ind. 19, 24 N. E. 756, 8 L. R. A. 604, 21 Am. St. Rep. 189; Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555; Bowen v. Beck, 94 N. Y. 86, 46 Am. Rep. 124; Parker v. Carter, 91 Ark. 162, 120 S. W. 836, 838, 134 Am. St. Rep. 60.

[6] Appellant contends that the court erred in awarding a recovery of interest. This contention is based on the fact that there was no finding by the jury that any interest was owing nor the amount of such interest. The jury found that appellant had never paid $1,275 of the cash consideration for the land. There was no contention that such consideration was not due and payable on delivery of the deed. The finding of the jury fixed the amount due at that time. Such amount bore interest at the legal rate until paid. Appellant's contention is overruled. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; San Antonio & A. P. Ry. Co. v. Sutherland (Tex. Civ. App.) 199 S. W. 521, 522, and authorities there cited.

[7] Appellant objected to both the special issues submitted to the jury, on the ground that the court therein "assumes that the consideration stated in the deed was the real and true consideration to be paid for the property." The court overruled said objection, and appellant complains of said ruling. Appellee testified affirmatively that a part of the consideration which appellant agreed to pay her for said land was the sum of $3,000 in cash. The deed so recited. If appellant thought the evidence raised an issue concerning the amount of cash consideration agreed upon, he should have made a written request for the submission of such issue. Having failed to do so, he is in no position to complain. Revised Statutes, art. 1985.

We have examined all of the propositions submitted by appellant as. grounds for reversal, and have concluded that no cause for reversal is shown.

The judgment of the trial court is affirmed.