## FIRST NATIONAL BANK OF BERWYN, OKLA., et al. v. RAYMER.

No. 26608.    July 13, 1937.

Rehearing Denied Sept. 14, 1937.

Sigler & Jackson, for plaintiffs in error.

J. B. Moore, for defendant in error.

CORN, J. The plaintiffs in error, plaintiffs below, brought suit against the defendant in error, defendant below, in the district court of Carter county for the recovery of the sum of $1,140, alleged to be due as a part of the purchase price for certain lands conveyed by O. A. Sparks to the defendant, and for the sum of $250 ·as a reasonable attorney's fee, and praying for a vendor's lien against the land and for the appointment of a receiver.

It was alleged that the land was formerly the property of the First National Bank of Berwyn, but that the title was held by O. A. Sparks, who was cashier of the bank, as trustee; that Mrs. Pat Whitfield acquired title to the cause of action by purchase from and assignment by the receiver for the defunct bank; that prior to the failure of the bank the lands were sold and conveyed by Mr. Sparks to the defendant; that the contract upon which the action was brought was lost and could not be produced by the plaintiffs.

The defendant demurred to the plaintiffs' petition on the ground that it did not state facts sufficient to state a cause of action, and the demurrer being overruled, filed an answer alleging that the First National Bank and O. A. Sparks were improper parties and should be stricken from the action, and denying generally all material allegations set forth in the petition, and further denying that a written contract had been entered into between himself and Mr. Sparks, and denying that the plaintiff had any lien upon the property or was entitled to recover anything by the action.

At the close of plaintiffs' evidence the defendant interposed a demurrer to same, which was by the court sustained, and the court directed a verdict for the defendant on the ground that the evidence failed to show that there was a written contract between the parties, and that the action was therefore barred by the three-year statute of limitations applicable to actions upon contracts not in writing. From said judgment the plaintiffs appealed.

It is urged by defendant that the trial court was justified in sustaining a demurrer to the evidence for another reason, that is, that the evidence discloses that there was no vendor's lien against the real property herein involved in favor of Mrs. Pat Whitfield, the assignee of the assets of the bank. In view of the state of the record, that question is not properly before the court at this time, for the reason the court sustained the demurrer on the ground that limitations had run against the plaintiffs' cause of action.

The only question involved in the appeal is whether the three-or the five-year statute of limitations applies to the subject of the action.

Mr. Sparks testified that he did not think any written contract was made, but that he understood that the deed was to be held by Mr. Moore, attorney for the defendant, until the matter was finally settled, and did not know until a few weeks before the trial that the deed had been delivered to the defendant. It appears that the bank passed into the hands of the receiver shortly after the transaction, and that Mr. Sparks did not know the status of the matter until after it was discovered that the deed was recorded and the purchase price was not paid.

The defendant did not plead payment of the debt, that is, the consideration for the deed, but relied upon the statute of limitations as a defense. In fact, the evidence

of the plaintiffs showed that the consideration for the deed had not been paid.

After it developed in the trial of the cause that a written contract did not accompany the deed, counsel for plaintiffs took the position that the deed itself was a sufficient basis for the action, and that the action upon the deed would bring the same within the five-year statute of limitations, applicable to written contracts. Had the trial court accepted that theory of the case, it would have been permissible for the court to have granted leave to amend the petition, as the evidence in the case would justify such an amendment under the circumstances.

This court has never passed upon the exact question here involved, but in the case of Orbeck v. Alfei, 276 S. W. 947, the Court of Civil Appeals of Texas, in a similar action, held that a deed signed only by the grantor, and accepted by the grantee, is a contract in writing in contemplation of law, and comes within the limitation of actions on contracts in writing. In its discussion of this proposition, the court said:

"Appellant complains of the refusal of his request for a peremptory instruction. He contends that appellee's cause of action was barred by the statute of limitation of 2 years and that on account of such bar the court erred in refusing such charge. Appellee's deed, as before stated, was dated February 7, 1920. This suit was filed August 18, 1923. More than 3 years therefore elapsed between the date of the deed and the filing of this suit. The cash consideration recited in the deed was $3,000, and receipt of the same was acknowledged. When a contract between two parties is reduced to writing and signed by one of them and accepted by the other, it becomes. in contemplation of law, a written contract, and will be so treated by the courts of this state. Clegg v. Brannan, 111 Tex. 367, 372, 234 S. W. 1076; Martin v. Roberts, 57 Tex. 564, 567, 568; Elder, Dempster & Co. v. St. L. S. W. Ry. Co., 105 Tex. 628, 635-640, 154 S. W. 975.

"The recital in the deed is prima facie evidence of the amount of consideration and of the payment of the same, but subject to refutation on either point by evidence. Haldeman v. Chambers, 19 Tex. 1, 43; Fowlkes v. Lea, 84 Miss. 509, 36 So. 1036 (mid. col. 2) 68 L. R. A. 925, 2 Ann. Cas. 466. * * *

"Article 5688 of the Revised Statutes provides that all actions for debt, when the indebtedness is evidenced by or founded upon any contract in writing, shall be commenced within four years after the cause of

action accrues. Appellee's suit for the balance of the purchase price. recited in the deed was founded thereon. Such deed was a written contract, binding alike upon appellant and appellee, regardless of the fact that appellant did not sign the same. Its acceptance by appellant imposed on him an obligation to pay the consideration recited therein. The evidence showed that the consideration so recited was actually agreed upon. If appellant paid such consideration at the time, his obligation was discharged. If he did not so pay, his obligation continued and constituted a debt owed by him to appellee. Whether he had so paid, as contended by him, or whether he had not done so, as contended by appellee, was a question for proof. It has been expressly held in this state that the written contract need not in terms contain a promise to pay nor a recital of such promise. Laredo Electric L. & M. Co. v. United States Elec. L. Co. (Tex. Civ. App.) 26 S. W. 310; Fidelity & Casualty Co. v. Callahan & Graham (Tex. Civ. App.) 104 S. W. 1073, 1074; Lewis v. Taylor (Tex Civ. App.) 204 S. W. 383, 384; Lawrence v. Cananea Consol. Copper Co. (Tex. Civ. App.) 237 S. W. 959, 961: Murray Gin Co. v. Putman (Tex. Civ. App.) 170 S. W. 806, 807; Tinsley v. Penniman, 8 Tex. Civ. App. 495, 29 S. W. 175; Fowlkes v. Lea, supra, p. 1037 (84 Miss. 515). Appellee's suit being founded upon a contract in writing, the 4 years' statute referred to above and not the 2 years' statute relied on by appellant, governs, and determines the issue of limitations against appellant. Smith v. Nesbitt, 111 Tex. 186, 188-190, 230 S. W. 976: McCraw v. Robinson (Tex. Civ. App.) 239 S. W. 275, 276, 277; Fowlkes v. Lea. supra: Elliott v. Saufley, 89 Ky. 52, 11 S. W. 200. 201: Midland Ry. Co. v. Fisher, 125 Ind. 19. 24 N. E. 756, 8 L. R. A. 604, 21 Am. St. Rep. 189; Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555; Bowen v. Beck, 94 N. Y. 86, 46 Am. St. Rep. 124: Parker v. Carter. 91 Ark. 162, 120 S. W. 836, 838, 134 Am. St. Rep. 60."

In the case of Washington v. Soria, 19 So. 485. the Supreme Court of Mississippi, in passing on this proposition, said:

"* * * When the vendor has made a conveyance of land to the vendee, who has executed no written promise to pay the purchase price, the courts, while uniformly affording relief, are not very well agreed upon what precise ground the right is rested. In Dock Co. v. Leavitt, 54 N. Y. 35, the opinion is finally rested upon the conclusion that the recital of the deed accepted by the grantee. that he had sealed the same, was proof of the fact that the grantee had sealed it by adopting as his seal the corporate seal of the grantor. There is, however. much in the opinion suggesting that in the absence of this recital the court would have decided that by accepting the conveyance the grantee was

532

bound by estoppel to deny that the deed, as a written contract, was his, though it was not signed by him. Mr. Bigelow, in his work on Estoppel, page 346, thus announces the rule: 'Nor will the grantee in a deed poll, having accepted the deed and estate, be permitted to deny his covenants, or that the seal is his, in an action on the covenants.' In Trotter v. Hughes, 12 N. Y. 74, it was said that 'the acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance binds him as effectually as though the deed had been inter partes, and had been executed by both grantor and grantee.' 'A covenant can only be created by deed, but it may be as well by deed poll as by indenture, for the covenantee's acceptance of the deed is such an assent to the agreement as will render it binding on him. But the party must' be named in the deed poll.' Greenl. Cruise, c. 26 tit. 32, sec.. 3. The following cases seem to rest upon this ground: Railroad v. Remmy, 13 Ind. 518; Railroad Co. v. Pearce, 28 Ind. 502; Bowen v. Kurtz, 37 Iowa, 240; Crawford v. Edwards, 33 Mich. 354; Grove v. Hodges, 55 Pa. St. 504; Schmucker v. Sibert, 18 Kan. 104; Hubbard v. Marshall, 50 Wis. 322, 6 N. W. 497; Long v. Bullard, 59 Ga. 358. Mr. Platt denies that an action of covenant should be maintained on a deed not sealed by the defendant, but admits that the contrary doctrine has been very generally received by the profession, and is perhaps too well established to be reversed. Platt, Cov. 18. In Finley v. Simpson, 22 N. J. Law 311, a very great number of authorities are cited in the briefs of counsel; and the court held that the action of covenant might be maintained upon such a deed, citing in support of its opinion Co. Litt. 231a, 231b, note 1; Shep. Touch. 177; 4 Cruise, Dig. 393, 3 Com. Dig. 'Covenant,' (A 1) ; 4 Com. Dig. 'Fait' (A 2) ; Id. (C. 2). Vin. Abr. 'Condition' (1, a2), Burnett v. Lynch, 5 Barn & C. 589. In Lee v. Newman, 55 Miss. 365, Judge Chalmers, in delivering the opinion of the court, in a case not calling for a decision of the question, declared that there could be no recovery in personam against one who had accepted a conveyance by which it was stipulated that, as a part of the purchase price, he should pay a certain mortgage. The proceeding in that case was to charge the land, and it was not sought to fix a personal liability on the purchaser. The observations of Judge Chalmers would apply as well where the obligation was to pay the purchase price to the vendor as to a mortgagee, and a somewhat extended examination by us has failed to discover any instance in which it has been held that in no form of action could relief be afforded where the vendor has fully executed his contract, by conveying the land, and the vendee has accepted the land and entered into possession. In Massachusetts it has

been held that the technical action of covenant cannot be maintained against the grantee, who has not signed the deed, but that assumpsit, for the nonperformance of the duty or obligation, may be brought. Goodwin v. Gilbert, 9 Mass. 510; Newell v. Hill, 2 Metc. (Mass.) 180; Dix v. Marcy, 116 Mass. 416; Locke v. Homer, 131 Mass. 93. And such is probably the rule in New Hampshire (Burbank v. Pillsbury, 48 N. H. 475) and Pennsylvania (Clark v. Martin, 49 Pa. St. 289) * * *."

See, also, Pima Farms Company v. Elliott (Ariz.) 258 P. 304, and Wilkinson v. Scott, 17 Mass. 249.

The rule followed by the Texas court in Orbeck v. Alfei, supra, is sound rule of law and is adopted by this court in determining the question presented by this appeal. The judgment of the trial court is, therefore, reversed and the cause is remanded to the trial court for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY and GIBSON, JJ., concur. WELCH, PHELPS, and HURST, JJ., absent.