**TEX–CRAFT BUILDERS, INC., Appellant,**

v.

**HOUSING AUTHORITY OF TEXAS CITY,**
**Texas, Appellee.**

**No. 4433.**

Court of Civil Appeals of Texas.

Waco.

April 28, 1966.

Lockett, Embry, Sharp & Roberts, Aubrey L. Roberts, Jr., Houston, for appellant.

John Shirley, Texas City, for appellee.

## OPINION

WILSON, Justice.

In a non-jury trial plaintiff recovered judgment for damages resulting from breach of a contract by which defendant contractor agreed to lay sewer lines in connection with construction of an apartment building. Findings of Fact were filed. We affirm.

Defendant complains of the overruling of its motion for judgment because it says plaintiff pleaded "defendant caused said sewer line to be improperly installed," whereas the proof showed the line was installed by a third person. It is asserted there is a material variance between pleading and proof. Complaint is also made of admission of evidence that this third person was actually a subcontractor. The points are overruled. The suit is for breach of a contract executed by defendant by which defendant agreed to perform the work in accordance with detailed plans and specifications. The latter required it to properly lay the sewer line in question. The complaint as to variance concerns defensive matters not available and not pleaded; it does not constitute a defense that the work defendant contracted to do was done by another. Defendant's contract was fully established. It expressly provided that defendant "shall be fully responsible for the work" of subcontractors.

Reversal is sought because plaintiff did not report a defect in the sewer line until more than one year after the date of acceptance had elapsed. Defendant pleaded only a general denial. It has no point com-

plaining of the court's action in refusing to allow the filing three days before trial of its amended pleading in which it would have alleged the contract limited damages to defects appearing within one year.

 This affirmative defense constituting a plea in avoidance is required by Rule 94, Texas Rules of Civil Procedure, to be alleged affirmatively. Failure to plead it constitutes a waiver of the defense, which is in the nature of a plea of limitation. Smith v. Nesbitt, 111 Tex. 186, 230 S.W. 976; Maher v. Gonzalez, Tex.Civ.App., 380 S.W.2d 764; Aetna Cas. & Sur. Co. v. Moss, Tex.Civ.App., 336 S.W.2d 748.

We have considered, and overruled appellant's point that the evidence is inadequate to support the finding as to damages. Affirmed.