## HUGHES BROS. REAL ESTATE AND LOAN ASSOCIATION V. FRANK J. SMITH.

### No. 3252.

**Same Cause of Action—Limitation.**—A contract in writing was made for building a line of *rail iron fencing* at stipulated prices.   Some alteration in the 'style was made, and the work was stopped by the land owner short of the length named in the written contract.  *Held,* that the alterations did not constitute a new parol contract, and that limitation of four years applied to the action for the fence as built.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE. The opinion states the case.

*Coombs & Gano,* for appellant.—The question as to whether or not the claim sued upon is barred by limitation, where the petition shows upon its face that the claim is barred, may be presented either by special demurrer or by plea; and when under such circumstances the

question is raised by special exception it should be sustained.   Smith v. Fly, 24 Texas, 345; Hudson v. Wheeler, 34 Texas, 363.

· *Charles I. Evans,* for appellee.—An amended petition which only amplifies and enlarges the cause of action set up in the original petition does not introduce a new cause of action, and is not barred by limitation if the cause of action was not barred when the original petition was filed.   Landa v. Obert, 78 Texas, 33; Foster v. Smith, 66 Texas, 680; Hanrick v. Hanrick, 63 Texas, 618; Roberson v. McIlhenny, 59 Texas, 615; Jones v. George, 56 Texas, 152; Spencer v. McCarty, 46 Texas, 213; Ward v. Lathrop, 11 Texas, 287.

FISHER, JUDGE, *Section B.*—Appellee instituted this suit against the appellant on the 11th day November, 1890, declaring on a written contract dated April 14, 1888, signed by said corporation and under its seal, through its president, "whereby it promises to pay plaintiff the sum of $1479.25 for 1893 feet of three-rail iron fencing and seven gate posts, to be delivered and put up as soon as possible thereafter in a good and workmanlike manner."   It is further averred in the original petition, that the plaintiff "has furnished said fence and posts to the defendant, as stipulated for in said contract, whereby the defendant became liable," etc.

May 2, 1891, appellee filed his first amended original petition, setting up the same written contract, dated April 14, 1888, alleging that said contract was executed by its then president, F. E. Hughes, and under the seal of said corporation, whereby it promised and agreed to pay to plaintiff the sum of $1479.25 for 1893 feet of three-rail iron fencing, at the rate of 75 cents per foot, and seven corner posts, to be delivered and put up as soon as possible thereafter in a good and workmanlike manner; freight to be in cash, and the balance payable in six months, with 8 per cent interest after sixty days.   The original contract was attached to the petition as an exhibit.

The petition further avers, that "a short time after the making of the contract, about the first day of September, 1888, plaintiff informed the officers of the defendant corporation that it was impossible to procure the style of fence that was stipulated for and intended by the parties to said contract, on account of injunctions that had been issued against the manufacturers of said fence; and said corporation then and there by its proper officers requested plaintiff to furnish and put up the fence, which he did afterward furnish and put up, which plaintiff agreed to do, and which fence so furnished and put up by plaintiff as hereinafter alleged is much more expensive, more costly, heavier, and more durable than the one contemplated by plaintiff and defendant at the time of making said contract."

It is further alleged, that in September, 1888, plaintiff furnished and put up 1034 feet and 7 inches of said fence, and seven iron corner posts, as he had agreed and promised to do; when, at the special instance and request of the defendant, plaintiff ceased to put up any more of said fence, and was so prevented from furnishing and putting up all of the fence mentioned and stipulated for in said contract by the act of the defendant and at the special instance and request of the defendant.

It is further alleged, that "about the 10th day of May, 1889, at the special instance and request of the defendant, the plaintiff furnished and put up two iron gates that were not stipulated for in said written contract, and which were reasonably worth the sum of $18 each, and which sum the defendant then and there agreed and promised to pay to plaintiff; that thereby the defendant became liable and indebted to the plaintiff and promised to pay to him said sums of money, amounting in the aggregate to the sum of $871.43, with interest thereon as stipulated for in said contract."

May 13, 1891, appellant filed its third amended original answer to appellant's petition, which contains a special exception, "because same shows that the claim set up has been long since barred by statute of limitations of two years; and also because said petition does not show what officers and agents ordered the fence alleged to have been furnished."

This exception was overruled by the court. Judgment was rendered in favor of appellee for the sum of $856.24.

There is no statement of facts in the record. The sole question for our consideration is whether or not the cause of action as set out in plaintiff's petition and amended petition is barred by limitation.

Plaintiff's cause of action as stated in the original and amended petitions is based on the written contract declared on, with the exception of the two iron gates, which seem to have been erected under a subsequent agreement entered into May 10, 1889. The agreement concerning the change made in the quality of iron that should go into the fence did not have the effect of making it a new contract independent of that provided for in the written agreement. It was evidently intended that the services rendered should be controlled by the terms of the written agreement, and that the subsequent agreement changing the quality of the material should not have the effect to destroy the written contract. We do not think the amended petition set up a new cause of action (Lee v. Boutwell, 44 Texas, 152) except in so much as it seeks recovery for the erection of the two iron gates. The cause of action seeking recovery for the erection of the two gates is not barred by limitation. The amended petition alleges that the gates were finished and delivered May 10, 1889. The petition was filed May 2, 1891. Two years, the limitation governing this item, had not elapsed from the time of finishing the gates to filing the amended petition. As the cause of ac-

tion concerning the construction of the fence grows out of the written contract, the statute of limitations of four years applies. The contract was entered into April 14, 1888. The original petition was filed November 11, 1890. The amended petition was filed May 2, 1891. In no phase of the case presented is the cause of action barred by limitation. Appellee suggests that it is apparent from the record that the appeal was taken for delay, and asks for an affirmance of the judgment with damages. We comply with this request, and report the case for affirmance, with judgment of 10 per cent on the amount received below to be added to such judgment as damages.

*Affirmed with damages.*

Adopted February 23, 1892.