SANDEGUARD  GROCERY  COMPANY  v.  B.  M.  CONLEY.

Decided June 22, 1907.

**Obstructing Sidewalk—Liability for Personal Injuries.**

Where a city ordinance prescribed a penalty for unnecessarily obstructing a sidewalk in such city with any boxes, barrels, vehicles, etc., one who is injured by stumbling over a truck, knowingly and unnecessarily left upon the sidewalk by the owner, may recover from the owner the damages sustained.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Capps & Cantey* and *Hanger & Short,* for appellant.—In order to shed light on the question of whether or not appellants were negligent in the use and disposition of the truck on the particular occasion in question, evidence of the custom and usage prevailing among those engaged in the same line of business in the use and handling of such trucks, was admissible. Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 293; Barnes v. Zettlemoyer, 62 S. W. Rep., 111; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 80.

The ordinance in question was irrelevant to any issue in this case, and was not intended to punish the placing of a truck, in the intervals between using same, up against an awning post where it could not obstruct the sidewalk, or to punish the mere failure to haul the truck in the moment some unauthorized person put it down on the sidewalk near the outer edge of the same. State v. Higgs (N. C.), 48 L. R. A., 446; Welsh v. Wilson (N. Y.), 54 Am. Rep., 698; Graves v. Shattuck (N. H.), 69 Am. Dec., 536; Simon v. Atlanta (Ga.), 44 Am. Rep., 739; Jochem v. Robinson (Wis.), 1 L. R. A., 178.

If said ordinance, when properly construed, can be held to prohibit and punish the use of a small hand truck for the purpose and in the manner this one was used by the defendants, then such ordinance was unreasonable and void and is an unconstitutional interference with the liberty of the citizen. Ex parte Battis, 40 Texas Crim. Rep., 114; Ex parte McCarver, 39 Texas Crim. Rep., 451; Austin v. Austin, etc., Ass'n, 87 Texas, 337; Mills v. M. K. & T. Ry. Co., 94 Texas, 250; State v. Higgs (N. C.), 48 L. R. A., 446.

*R. M. Wynne* and *McCart, Bowlin & McCart,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered a verdict and judgment against appellants for damages in the sum of five hundred dollars as compensation for personal injuries caused by their negligence in leaving a truck on the sidewalk in front of their store in the city of Fort Worth. Appellee was going up the street at night during a parade and stumbled over the truck, which was concealed from his view by the people congregated along the sidewalk to witness the parade. In the effort to keep on his feet he seems to have fallen all over the truck and finally landed out in the street.

It was a penal offense by ordinance of the city of Fort Worth for any person, firm or corporation to unnecessarily obstruct any sidewalk, street or alley within said city "with any boxes, barrels, vehicles, horse or beast of any kind, lumber, wood or any material whatever," and each and every day of such obstruction was made a separate offense. The ordinance further provided that "if any person shall continue any obstruction of any street, alley or sidewalk after he shall have been notified by the city marshal to remove the same, he shall be fined in any sum not less than five dollars nor more than fifty dollars for every day he shall continue the obstruction," that being the same penalty previously prescribed for obstructing the sidewalk. The violation of this ordinance was submitted in the charge as a ground of recovery.

The evidence tended to prove and warranted the jury in finding that appellants had been guilty of a breach of the ordinance in unnecessarily obstructing the sidewalk by permitting the truck, which was undoubtedly a vehicle, to remain in such position, of which they were aware, as to make it an obstruction of the sidewalk.

The validity of the ordinance is assailed, but it seems clear to us that it was valid.

We approve the charge in submitting the issue to the jury and also the action of the court in refusing the numerous special charges requested by appellant. We also approve the rulings on the exclusion of testimony. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.