LEWIS v. TAYLOR et al. (No. 6039.)

(Court of Civil Appeals of Texas. San Antonio. May 8, 1918. On Motion for Rehearing, June 12, 1918.)

1. LIMITATION OF ACTIONS ☞24(4) — SALES ON WRITTEN ORDER.

An action for the price of goods or commodities sold on a written order, containing no express promise to pay, is not within the two years' statute, but the four years' statute of limitation.

2. LIMITATION OF ACTIONS ☞24(4) — SALES ON WRITTEN ORDER—"WRITTEN CONTRACT."

Where letter was written to defendant describing wheat to be sold at price certain, to which defendants replied in writing that they would take a carload if sample suited, and the samples were sent and a telegram or letter was forwarded ordering the car of wheat which was shipped and accepted, the contract was in writing under the statute of limitations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Written Contract or Agreement.]

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

Action by A. S. Lewis against W. G. Taylor and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded. On motion for rehearing. Judgment remanding cause set aside and judgment rendered.

J. D. Todd, of Corpus Christi, for appellant. R. B. Russell, of Corpus Christi, for appellees.

FLY, C. J. Appellant sought to recover of appellees the sum of $300, alleged to be due on a consignment of wheat shipped from Ft. Worth to Corpus Christi, Tex., on or about August 26, 1913. The original petition was filed on December 31, 1913. On September 27, 1915, appellant filed a second amended petition in lieu of a first amended petition which had been filed on September 25, 1917. The cause was tried on the second amended petition, in which it was alleged that the parties had dealt with each other as merchant and merchant, and that they had mutual current accounts with each other, and that the wheat had been delivered upon an order from appellees and accepted by appellant. Appellees denied that there had ever been any current, mutual accounts between appellant and appellees, and that if there was any indebtedness it was due and payable on an open account on August 26, 1913, more than two years before the suit was instituted, and they pleaded the statute of two years' and that of four years' limitation. The court sustained the plea of two years' limitation and rendered judgment in favor of appellees. The evidence clearly showed that appellant

shipped appellees a carload of wheat at a reduced price on August 26, 1913. The testimony also shows that the car of wheat was ordered by letter and telegram, for appellant swore, and was not contradicted, that, while the letter or telegram was misplaced or lost, it was his recollection that a car was ordered. Afterwards appellees telegraphed appellant that the car of wheat had not arrived and to trace it. Not being able to trace the first car of wheat, the second was sent on August 26, 1913, and was received by appellees. On November 5, 1913, appellees sént appellant a check for $50. An acceptance of the offer to sell the wheat was given in a letter dated June 21, 1913, and was conditioned on the samples being satisfactory. They must have been satisfactory, because the wheat was shipped and accepted by appellees.

[1] The acceptance of the offer to sell was in writing, and the indebtedness upon which the suit is prosecuted is founded upon the promise to pay the price of the wheat which was fixed in a letter from appellant. The order for the car of wheat was in reply to that letter, and construing the two together the contract arose. Afterwards the price was lowered, but the whole transaction rested on the two letters which formed the contract. An action for the price of goods or commodities sold on a written order, although the order contains no express promise to pay, is not within the two years' statute, but the four years' statute of limitation. Laredo Elec. & Machine Co. v. U. S. Elec. Light Co., 26 S. W. 310; Tinsley v. Penniman, 8 Tex. Civ. App. 495, 29 S. W. 175.

This suit was instituted on December 31, 1913, within the four years' period and arrested the running of the statute. The amended pleadings did not set up a new cause of action. The first suit was for the price of a car of wheat; the latter for the price of the same car of wheat.

[2] Appellees ordered and accepted the wheat and failed and refused to pay for it, and give no explanation or excuse for such failure. They seek to defeat the debt by a plea of limitation, but the record fails to sustain the plea. A letter was written to them describing certain wheat, which appellant desired to sell at a certain price, to which appellees replied in writing that they would take a carload if samples suited them, the samples were sent, and a telegram or letter was forwarded ordering the carload of wheat which was shipped and accepted by appellees. The contract was in writing under the statute. Groos v. Brewster, 34 Tex. Civ. App. 140, 78 S. W. 359; Fidelity Co. v. Callahan, 104 S. W. 1073. In the case of Donada v. Power, 184 S. W. 793, the subject is thoroughly discussed by this court, through Associate Justice Moursund. The suit in that case was for the rent of 20 acres of land leased under a written contract, in which there was a clause giving the tenant the right to take 17 acres more, and the plaintiff also sought to recover the rent for the 17 acres which the tenant had elected to take. In the case cited, as well as in the case of Hughes v. Smith, 83 Tex. 499, 18 S. W. 955, it was held that a change as to quality of material would not destroy the written contract, just as we hold herein that a change in the price which was accepted by appellees would not affect the written contract.

In the Donada Case it is intimated that the case of Voelcker v. McKey, 60 S. W. 798, is not in accord with the ruling of this court as to an order and acceptance in writing, and that may possibly be true; but the facts are so sparsely stated in the opinion that the holding is somewhat obscure. A rehearing was granted, however, and a different result reached, on the ground that there was a promise to pay in the order. If that be true, the first opinion was obiter dictum and not an authority. Voelcker v. McKay, 61 S. W. 424.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellant prays that our judgment remanding this cause be set aside and judgment here rendered in favor of appellant for the sum of $212.40, which the uncontroverted evidence shows is due him on his claim. The case seems to have been fully developed, and, there being no issue to be tried, our judgment remanding the cause is set aside and judgment here rendered that appellant recover of appellees the sum of $212.40, with interest at 6 per cent. per annum from January 1, 1914, and all costs in this behalf expended.