## COWAN v. HULSE & ALLEN.   (No. 7360.)

(Court of Civil Appeals of Texas.   San Antonio.   May 6, 1925.   Rehearing Denied June 3, 1925.)

1. **Attorney and client ⊂⇒26.—Writings on both sides of paper to be construed together to determine purpose and effect of agreement.**

In action against attorney for cost of transcript, where order signed by attorney on one side of paper was expressly referred to on other side, which also recited defendant's appearance as attorney in cause in question, writings on both sides, being contemporaneous, will be construed together in determining whether order was personal by attorney or on behalf of client.

2. **Evidence ⊂⇒459(2)—Parol evidence admissible without special pleading to show true intent of parties to ambiguous contract.**

In action against attorney personally for cost of transcript ordered by him, where contract on its face raises the question of in what capacity he was acting in ordering same, parol

evidence was admissible, without special pleading, to show true facts and intention of parties.

**3. Trial  350(4)—Court required to submit to jury issue of capacity of attorney in ordering transcript, where contract ambiguous.**

In action against attorney for cost of transcript, where contract on its face raised question whether defendant was acting individually or on behalf of client in ordering same, the court was required to submit such issue to jury.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by Hulse & Allen against Sam H. Cowan. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Goree, Odell & Allen, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellees.

SMITH, J. [1] Judge Sam H. Cowan, of Fort Worth, represented the Texas Cattle Raisers' Association, as well as other live stock interests, in certain hearings before an examiner for the Interstate Commerce Commission at Fort Worth, Dallas, and San Antonio. The hearings were reported by employees of appellees, Hulse & Allen, official stenographers for the Commission. Preceding the hearings the examiner, Judge Cowan, and others representing parties to the hearing, met with a representative of appellees in a conference to determine how many copies of the transcript of the evidence should be ordered. It was there stated and understood that one copy was to be furnished Judge Cowan in behalf of his clients, to be paid for by the Texas Cattle Raisers' Association. Shortly afterwards, in pursuance of this agreement or understanding, to which appellees' representative was a party, Judge Cowan executed a written order for the transcript, which he signed personally, and in which he agreed to pay for the work. This order, upon which appellees base their suit, was written in two parts, each on opposite sides of a single sheet of paper. Upon one side the writing was entitled "Appearances," under which was recited the date, subject, number, style, and place of the hearing, as well as the fact that Judge Cowan was appearing for the interests we have described, among them being the Texas Cattle Raisers' Association. Under this data was another title, "Order for Transcripts," followed by the recitation:

"The charge, for, transcripts of minutes is 12½ cents per page for each copy, except that in cases heard on complaints and answers the commission will ordinarily furnish two copies of the testimony free of charge, one to the complainant and one to the defendant, or to one of the defendants, if there be more than one. (See order on other side.)"

Upon the opposite side of the sheet the number, style, date. and place of the hearing were restated, followed by the formal order:

"I hereby order 1 copy (copies) of the transcript of minutes in the above matter, for which I agree to pay at the rate of 12½ cents per page. S. H. Cowan."

It is contended by appellees that the order proper, on one side of the sheet, was separate and distinct from the matter on the opposite side, and that therefore the latter could not be considered in construing the order and putting it into effect. But we overrule this contention. It will be observed that in the writing on the opposite side of the sheet from the order the latter is expressly referred to. This being true, and the writings being contemporaneous, they will be construed together in determining the purpose and effect of the agreement. When this is done, it at once becomes evident that Judge Cowan was not a party at interest in the transaction, but was acting merely as an attorney for some of those interests, which were specified.

Now, appellees sued Judge Cowan personally, and no one else, for the amount charged for the copy of the transcript alleged to have been furnished him, expressly pleading the written order as the basis of their claim. Judge Cowan answered only by general demurrer and general denial. Under this general pleading he and others for him testified to the parol agreement, made prior to the execution of the written order, to the effect that appellees should furnish a copy of the transcript to him as the attorney for certain live stock interests, to be paid for by the Cattle Raisers' Association. The court, however, submitted to the jury the one general issue of whether or not Judge Cowan ordered a copy of the transcript, whether or not it was furnished to him, and its price. The court refused, in the face of proper request, to submit the issue of whether Judge Cowan was acting individually, or for his client, in giving the order. Appellees contend, first, that the evidence was inadmissible under the general issue and because not specially pleaded; and, second, because its purpose and effect was to vary or contradict the plain terms of a written agreement.

[2, 3] We overrule both contentions. We think the order for the transcript, which was pleaded by appellees themselves, when considered from its four corners, upon its face raises the question of the capacity in which appellant was acting in ordering the transcript, thereby rendering admissible, without special pleading, the evidence showing the true facts and the intention of the parties, and requiring the court to submit to the jury the controlling issue of whether appellant, with notice to appellees, was acting upon his

own responsibility, or as the agent of his clients.

The judgment is reversed and the cause remanded.