## SMITH v. CONTINENTAL SUPPLY CO.
### (No. 2672.)

(Court of Civil Appeals of Texas. Amarillo. April 28, 1926.)

On Motion to Affirm on Certificate.

1. Courts ⚖➡488(1)—Motion to affirm on certificate, made after transfer of case from another Court of Appeals will be overruled, where such other court overruled similar motion on same ground before transfer (Rev. St. 1925, art. 1841).

Motion to affirm on certificate, made after transfer of case from another Court of Appeals, will be overruled, where such other court overruled similar motion before transfer, based on same ground, which was failure of plaintiff in error to file transcript on appeal within stipulated time; it being presumed either that motion was waived, or that plaintiff in error showed good cause why transcript was not filed, under Rev. St. 1925, art. 1841.

### On the Merits.

**2. Judgment ⨠929—Action cannot be maintained on judgment of sister state which is pending on appeal.**

Action cannot be maintained on judgment of sister state which is pending on appeal, since such judgment has not become final.

**3. Judgment ⨠940—Where plaintiff alleged that it had recovered final judgment in another state against defendant, evidence, showing that such judgment was not final, held admissible under general denial.**

Where plaintiff alleged that it had recovered final judgment in another state against defendant, evidence, showing that such judgment was not final, *held* admissible under general denial.

**4. Judgment ⨠929—Fact that accounts sued on were merged in judgment against defendant, rendered in plaintiff's action in another state, held not to bar or abate present action, where evidence showed such judgment not to be final, and defendant directly attacked it.**

Fact that accounts sued on were merged in judgment against defendant, rendered in plaintiff's action in another state, *held* not to bar or abate present action, where evidence showed such judgment not to be final, and defendant directly attacked it for want of jurisdiction of his person.

**5. Abatement and revival ⨠9—Pendency of action against defendant and partners on partnership debt in another state held no ground for abatement of action against defendant alone on same indebtedness.**

Pendency of action against defendant and partners on partnership debt in another state *held* no ground for abatement of action against defendant alone on same indebtedness, since actions were not the same; partners' liability on partnership debt being joint and several.

**6. Pleading ⨠248(17)—In action by creditor, who alleged he had recovered final judgment on debt in another state, plaintiff held to have right to amend and sue on debt, where defendant attacked validity of prior judgment.**

In action by creditor, who alleged he had recovered final judgment on debt in another state, plaintiff *held* to have right to amend and sue in alternative on debt, where defendant attacked validity of prior judgment on ground that no citation had been served on him.

**7. Limitation of actions ⨠95(1)—Statute of limitations against partnership debt held not to begin to run in favor of partner, who had left state, till creditor acquired knowledge that partner denied authority of lawyer who represented him in action on such debt in state of former residence.**

Statute of limitations against partnership debt *held* not to begin to run in favor of partner, who had left state, till creditor acquired knowledge that partner denied authority of lawyer who represented him in action on such debt in state of former residence.

Error from District Court, Wichita County; P. A. Martin, Judge.

Action by the Continental Supply Company against Cecil H. Smith, Jr., in which defendant filed a cross-action. Judgment for plaintiff, and defendant brings error. Motion to affirm on certificate denied. Judgment affirmed.

Cecil H. Smith and Wm. Jarrell Smith, both of Sherman, for plaintiff in error.

Fischer & Fischer, of Wichita Falls, for defendant in error.

### On Motion to Affirm on Certificate.

PER CURIAM. [1] This case is before us under the order of the Supreme Court upon transfer from the Court of Civil Appeals of the Second District. On February 12, 1926, the defendant in error filed its motion in this court to affirm the judgment of the trial court upon certificate, without reference to the merits. Upon the face of the motion, defendant in error is clearly entitled to an affirmance. It appears that the plaintiff in error perfected his appeal from the judgment of the district court of Wichita county by filing his supersedeas bond with the clerk of that court on June 13, 1925; however, he did not file his record on appeal with the clerk of the Fort Worth Court of Appeals within the 90 days allowed by law, which time would have expired on September 11, 1925. On September 30th he filed his application for writ of error, and citation was waived on the same day. Under this proceeding he filed with the clerk of the Fort Worth Court of Appeals his transcript on the 9th day of October, 1925. Prior to the time his transcript was filed in that court the defendant in error on September 17th filed its motion there to affirm the judgment on certificate.

Accompanying the record in this case is the certificate of the clerk of the court of the Second District, which shows that no orders were made by that court in this case prior to the date of its transfer to this court. However, in reply to the defendant in error's motion to affirm on certificate filed in this court, the plaintiff in error has attached a certified copy of an order from the minutes of that court, dated November 7, 1925, made in this case, as follows:

"Cecil H. Smith v. Continental Supply Co. 10419–11553.

"November 7, 1925.

"This day came on to be heard the motion by appellee to affirm the judgment in this cause on certificate, and the same, having been duly considered by the court, is hereby overruled."

This order was, of course, made upon the first motion to affirm on certificate, and therefore bears a different docket number; but we assume that the cases are otherwise identical. The motion referred to in the above order, and which was overruled, is

not before us; but we must presume, in support of the order, that the defendant in error either waived its first motion to affirm on certificate or that plaintiff in error, under the provisions of R. S. 1925, art. 1841, showed good cause why his transcript on appeal was not filed in time. This presumption arises further from the fact that the court has permitted the transcript on the writ of error proceedings to be filed.

Such being the state of the record, the motion before us to affirm on certificate is overruled.

### On the Merits.

HALL, C. J. Defendant in error, hereinafter called plaintiff, sued the plaintiff in error, hereinafter called defendant, alleging, in substance, that in a certain suit filed in the district court of Stephens county, Okl., entitled "Continental Supply Company, v. Cecil H. Smith, J. D. Wade, and Tom L. Wade," it recovered a judgment against Cecil H. Smith, for the sum of $2,395.17, with interest thereon at 8 per cent. per annum from December 20, 1922, and all costs of suit; and further alleged that said judgment is now an existing and valid judgment against the said Smith, and is a final judgment, from which no appeal has been taken; that said judgment was based upon a debt due by Smith to plaintiff for oil well machinery and supplies delivered to defendant in Oklahoma upon written orders signed by defendant. Plaintiff further pleaded, in the alternative, a cause of action based upon said written orders.

Smith answered by a plea in abatement, because of the nonjoinder of J. D. Wade; that the accounts and causes of action set forth were for items purchased and sold to an alleged partnership, of which Wade was a member, and prayed that the action be abated. This plea is followed by a general demurrer and a general denial. He specially alleged that the Oklahoma judgment was void because he had never appeared as a defendant in the action, and had never authorized any one to appear for him, and, because no process was served upon him, the Oklahoma court was without jurisdiction of his person. He pleaded non est factum as to the written contracts, and denied the authority of any one to make them for him; that, for more than 12 months before the filing of this suit in Texas, he had been a citizen of Texas, residing in Wichita county, and pleaded the statute of limitations of two years in bar of plaintiff's right to recover. By a cross-action, he claims damages by reason of the issuance and service of a writ of garnishment in this case against one John O. Donohoo, who he says was indebted to him.

By supplemental petition, the plaintiff, supply company, alleged that Smith appeared in the case in Oklahoma by his attorney, E. H. Bond; that, if Bond did not have express authority to appear for him, nevertheless, said attorney had filed an answer for him; and that Smith had ratified his attorney's action.

The case was tried to the court without the intervention of a jury, and resulted in a judgment in favor of the plaintiff, supply company, against defendant, Smith, in the sum of $2,743.21. It was further decreed that Smith take nothing by reason of his cross-action for damages.

The court filed findings of fact and conclusions of law, in substance, as follows: That E. H. Bond, who appeared and answered for Smith in the suit in Stephens county, was authorized to do so by Smith, or by his agent, an associate in business in Oklahoma, and that the Oklahoma court had jurisdiction of Smith; that the judgment is valid and no part thereof has been paid; that Smith purchased and received from the plaintiff, supply company, each of the items of supplies, tools, etc., set out in the account, and that said merchandise is of the reasonable value stated in the account; that said account is the basis of the judgment rendered in Oklahoma; that all of said merchandise was purchased by Smith from the supply company upon written order signed by him or his authorized agents, except certain items described in the open account attached to the petition upon which there remains a balance unpaid of $105.49 and interest; that no written orders were executed for the purchase of the items in the open account; that no damages has resulted to Smith by reason of the garnishment proceedings.

[2] Smith has appealed, and the first contention to be considered is that the court erred in holding that the judgment of the district court of Stephens county, Okl., was a valid and binding judgment, because it was shown not to be final for the reason that the uncontradicted evidence disclosed said judgment was now pending upon appeal to the Supreme Court of Oklahoma. This contention must be sustained. An action cannot be maintained in this state upon a judgment of a sister state, until such judgment has become final. Willis v. Keator (Tex. Civ. App.) 181 S. W. 556; Van Natta v. Van Natta (Tex. Civ. App.) 200 S. W. 907.

[3] The plaintiff, supply company, insists that, because Smith did not plead the want of its finality as against the Oklahoma judgment, it is not a ground of defense which the court could consider. The supply company alleged that it had recovered such a judgment; that it was valid, binding, and final, and had not been appealed from. Evidence showing that it was not final was admissible under Smith's general denial. A general denial, under the Code practice, to a suit upon a judgment, is equivalent to a plea of nul tiel record at common law. 34 C. J. 1117; 2 Freeman on Judgments (5th Ed.) §§ 1087, 1461.

[4] Smith's next contention is that the accounts sued upon in this action were merged in the judgment rendered in Oklahoma, and cannot be made the basis of a suit against Smith, and will not support another judgment. The Oklahoma suit was against Smith, J. D. Wade, and Tom L. Wade, as partners, but judgment was recovered against Smith alone.

The supply company filed a motion for new trial, which was overruled. It then gave notice of appeal to the Supreme Court of the state of Oklahoma. It further appears that this appeal was prosecuted, and on the 22d day of November, 1924, the case was pending in the Supreme Court of that state. It is conceded that the Oklahoma judgment is based upon the same debt involved in this action. This contention seems to be predicated upon the following quotation from the case of United States v. Leffler, 11 Pet. 98, 9 L. Ed. 642, quoted in Burlington v. Marlin (Tex. Civ. App.) 207 S. W. 956:

"If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever."

Even if it be admitted that the principle there announced is recognized in this state, it has no application to this case. If the items of debt claimed in the plaintiff's alternative plea were, in fact, merged in the Oklahoma judgment, it would not bar nor abate this action under the rule, because Smith introduced the evidence which shows that the Oklahoma judgment is not final, and, further, because he has directly attacked it for the want of jurisdiction of his person. The legal maxim, "Transit in rem judicatam," was effective in the Leffler Case because the suit was upon an obligation which, under the law, was joint in its nature, and in which all the obligees should have been made parties.

[5-7] The plaintiff's action in this case is upon an indebtedness against a partnership, and the liability of the partners is joint and several, and the action in Texas against Smith alone is not the same action which was prosecuted against Smith and his alleged partners in Oklahoma. Steers v. Shaw, 53 N. J. Law, 358, 21 A. 940. While a plaintiff will not be permitted to collect his debt twice, the pendency of the Oklahoma suit was no ground for abating the action in Texas. So far as the record discloses, Smith has made no effort to attack the Oklahoma judgment in that jurisdiction, upon the ground that it was rendered without service upon him. By a proper showing, it is possible that he might have been entitled to a postponement of the Texas case until his liability in the Oklahoma case had been definitely settled, but he made no such effort. When he attacked the validity of the Oklahoma judgment because of the fact that no citation had been served upon him, the plaintiff had the right to amend and sue in the alternative upon the debt. While the trial judge concluded that the Oklahoma lawyer who answered for Smith was authorized to do so, it seems that the Texas judgment is based upon the alternative plea, wherein the plaintiff sought to recover upon the account. We think the written orders which were signed by Smith, and upon the faith of which the goods were shipped and received, are written contract, and that the four years' statute of limitation applies. This, however, becomes immaterial in view of the fact that Smith left Oklahoma and had resided in Texas for a little more than a year before this suit was filed, and the further fact that plaintiff, supply company, did not know that Smith denied the authority of the Oklahoma lawyer to represent him in the suit there until after this suit was filed in Texas. Limitation did not begin to run until it acquired such knowledge. Miller v. Guaranty Trust & Banking Co. (Tex. Civ. App.) 207 S. W. 642.

We find no reversible error, and the judgment is affirmed.