O. L. LUGLAN, Appellant,

v.

W. T. TOMLIN, Appellee.

No. 12923.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1956.

Rehearing Denied Feb. 29, 1956.

Joe Burkett, Jr., Kerrville, Joe Burkett, San Antonio, for appellant.

Darrell G. Lochte, L. W. Pollard, Kerrville, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment in favor of W. T. Tomlin against O. L. Luglan in the sum of $2,245.25, together with interest, from which judgment O. L. Luglan has prosecuted this appeal. The above amount is the sum found to be due Tomlin on his contract to build a home for Luglan.

Appellant first contends that he was entitled to an instructed verdict because Tomlin's claim against him was barred by the two-year statute of limitations, Section 4 of art. 5526, Vernon's Ann.Civ.Stats. The suit against Luglan was instituted more than two years after the claim arose, but in less than four years. If the claim was based upon a written contract it was not barred by the statute of limitation but, on the other hand, if it was based on an oral contract it was barred, so the question here is whether the home in question was built under a written contract or an oral contract.

In the beginning, the parties signed a written contract with written plans and specifications, but as the work progressed many changes and additions were made, and it is the contention of appellant that these oral changes and additions were such as

to render the agreement an oral contract. The work had hardly begun when it was orally agreed between the contractor and the owner that the foundation would be made five and one-half feet longer than was called for in the plans and specifications. By oral agreement the concrete slab for the floor was substituted for "vermiculite" mixture, at an additional cost of $739. By oral agreement the sub-contracts for plumbing, heating, painting, electric wiring and lighting were assumed by Luglan, the owner. Many other oral changes were made, as follows: There was to be a dark room in the garage; there was to be a closed ceiling on the porch instead of an open one; a change was made in the bathroom; the bar was to be taken out of the kitchen and put on the porch; a window with a slide attached was to be put in the kitchen, and the dimensions of four rooms were changed. So many changes were made that a new plan was drawn, but the new specifications were not reduced to writing.

■ The general rule is that where a contract is not required to be in writing the parties may subsequently enter into an oral contract modifying and changing the terms of the written contract. The written contract is thereby rescinded and the rights of the parties are thereafter determinable by the terms of the subsequent oral agreement. 10 Tex.Jur., Contracts, § 204, p. 358; Groce v. P. B. Yates Mach. Co., Tex.Com. App., 288 S.W. 161; Cannaday v. Martin, Tex.Civ.App., 98 S.W.2d 1009; Maddox Motor Co. v. Ford Motor Co., Tex.Com. App., 23 S.W.2d 333; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S. W.2d 553; 17 C.J.S., Contracts, §§ 376, 379, pp. 861, 868.

■ Here the original plans and specifications were changed to such an extent that a new plan had to be drawn, but the specifications were not re-written. Oral agreements for the changes in the specifications were relied upon. Under such circumstances the contract becomes an oral one and any claim arising under such a contract is governed by the two-year statute of limitation. Section 4, art. 5526, Vernon's Ann. Civ.Stats.

Appellee contends that the following stipulation contained in the written contract, to wit, "Any alterations or changes from plans and specifications to be paid for by owner at times materials furnished by contractor," was sufficient to show that the parties contemplated alterations and changes at the time the original written contract was executed, and is sufficient to take this case out of the general rule. We cannot agree. The cases cited by appellee: Hughes Brothers Real Estate & Loan Ass'n v. Smith, 83 Tex. 499, 18 S.W. 955; Wilkinson v. Johnston, 83 Tex. 392, 18 S. W. 746; and Donada v. Power, Tex.Civ. App., 184 S.W. 793, 797, are not in point here. The latter case was one where a party executed a written lease on twenty acres of land at $35 per acre. The written lease was complete in every respect and further provided that lessee could take a few more acres than twenty, if he desired, at the same price and under the same terms. He did decide to take a few more acres and so notified the lessor. The court properly held that the fact that lessee had the privilege under the lease of taking a few more acres and did so, did not render the lease an oral one. This is a different situation from the facts in the present case. Here the entire plan of the house had to be changed and a new plan drawn, due to the many changes made.

Appellant's remaining points are without merit and are overruled.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.