**JEFFRIES–EAVES, INC., et al., Appellants,**

**v.**

**The VERNON COMPANY, Appellee.**

**No. 4261.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 25. 1968.

**574**

Muse, Currie & Kohen, Ralph W. Currie, Dallas, for appellants.

Ungerman, Hill, Ungerman & Angrist, Robert C. McGuire, Dallas, for appellee.

COLLINGS, Justice.

The Vernon Company brought suit in the form of a sworn account against Jeffries-Eaves, Inc., C. & H. Transportation Company, Inc., and Jack Threadgill, jointly and severally. The suit involved the sale of goods under a written purchase order for merchandise purportedly sold to Jeffries-Eaves, Inc. The order was signed by Threadgill. The sworn account together with the written order for the merchandise was attached to plaintiff's petition as an exhibit. The defendants answered under oath denying the justness of the account in whole and denied that they were indebted to plaintiff. They also pleaded the two year statute of limitations. The trial was to the court without a jury and judgment was rendered against all defendants, jointly and severally for $311.-68, together with 6% interest. Threadgill did not appeal and the judgment became final as to him. Jeffries-Eaves, Inc. and C. & H. Transportation Company, Inc., have appealed.

The purchase order which is the basis of the account sued upon is shown by an exhibit attached to appellee's petition and was introduced in evidence. The purchase order indicated that the merchandise was "Sold to Jeffries-Eaves, Inc." In the lower right hand corner of the purchase order it was indicated that the "Buyers name" was Jack Threadgill, and the signature at the bottom of the order was that of Jack Threadgill.

It was found by the court that C. & H. Transportation Company, Inc., subsequent to September 18, 1964 succeeded to the ownership of Jeffries-Eaves, Inc., and expressly assumed and promised to pay all outstanding obligations of Jeffries-Eaves, Inc. Such findings are not questioned by appellants.

Appellants present numerous points urging, in effect, that appellee failed to establish a case against Jeffries-Eaves, Inc., Inc., and urge that appellee failed to make out a case against C. & H. Transportation Company, Inc., because the latter is a party to the suit only as the successor of Jeffries-Eaves, Inc. Specifically, appellants contend that there was no evidence to support certain findings of fact made by the court which were the basis of the judgment and were in substance as follows:

FINDINGS OF FACT:

(4) that the debt involved was an outstanding obligation of Jeffries-Eaves, Inc. at the time C. & H. Transportation Company, Inc. succeeded to the ownership and control of Jeffries-Eaves, Inc.; (6) that the Vernon Company was a third party beneficiary of the assumption contract between appellants; (7) that from the time C. & H. Transportation Company, Inc., acquired the assets and liabilities of Jeffries-Eaves, Inc., the latter remained jointly liable on the obligation and debt here involved; (8) that the merchandise in question described in the exhibit to appellee's pleadings was ordered from appellee by Jeffries-Eaves, Inc. and Jack Threadgill, and (12) such merchandise was sold to said defendant; (9 and 13) that the merchandise in question was 100–9V 319 Chef Tongs and was delivered to Jeffries-Eaves, Inc. and Threadgill; (10) that the charges shown on the instrument attached to appellee's petition as an exhibit were the agreed charges for such merchandise at

the time of purchase from appellee, and (14) Jeffries-Eaves, Inc. and Threadgill agreed to pay appellee $391.68 for such merchandise; (15) that Jeffries-Eaves, Inc. and Threadgill are entitled to a credit of $80.00 for a payment received by appellee, but appellants (18) are not entitled to any additional credits or offsets against appellee's claim; (20, 21 and 22) that Threadgill's operation of the terminal for Jeffries-Eaves, Inc. was a joint enterprise between those two parties at the time of the purchase here involved and Threadgill's compensation for operating the terminal was on a percentage or profit basis which involved a mutual sharing of profits and losses; (23 and 25) that after the delivery of the 100 Chef Tongs in question to Threadgill and Jeffries-Eaves, Inc., the merchandise in question was jointly disposed of by said parties, that is, some of the Chef Tongs were given to individuals and parties as Christmas items which parties were customers of both Threadgill and Jeffries-Eaves, Inc.; (26) that Threadgill had authority from Jeffries-Eaves, Inc. to sign the original of the instrument attached to appellee's petition as an exhibit upon which this suit is based, and (27) that Jeffries-Eaves, Inc., thereafter ratified the purchase of the Chef Tongs by Threadgill by disposing of same to its customers.

Appellants' points complaining of the indicated findings of fact are no evidence points. Contrary to appellants' contention there was some evidence in support of each of such findings of fact and the points are, therefore, overruled. Appellants particularly contend that there was no evidence in support of the finding that Threadgill had authority from Jeffries-Eaves, Inc. to sign the purchase order in question. The contention is not well taken. The evidence shows that Jeffries-Eaves, Inc., was in September 1964 an interstate trucking concern; that Threadgill was in the wholesale lumber business and was also acting as the Dallas terminal manager for Jeffries-Eaves, Inc. Both businesses were conducted from the same location at 8315 Hoyle Street and the lease on the property was in the name of Threadgill. In addition to his lumber business Threadgill also operated from the same location a wholly-owned corporation known as Fairfield Enterprises. The same employees were used by Threadgill in the conduct of all these businesses.

In his capacity as terminal manager for Jeffries-Eaves, Inc., Threadgill was in charge of the Dallas terminal operation. His duties included the solicitation of freight, leasing of trucks on which to transport same, billing the freight, collecting the freight charges and paying terminal expenses. Threadgill was in complete charge of and supervised all the operations of the terminal for Jeffries-Eaves, Inc. He reported to Jeffries-Eaves, Inc. on what he was doing and most of his reports were by teletype. His compensation was a percentage of the profits.

The evidence shows that on September 18, 1964, Threadgill signed the purchase order for the merchandise which is the basis of this suit. The purchase order in the upper left hand corner indicates that the merchandise designated as Chef Tongs was sold to Jeffries-Eaves, Inc. The instrument was signed by Jack Threadgill as buyer, but this circumstance is not, as appellants contend, a conclusive showing that Threadgill was acting for himself rather than as agent for Jeffries-Eaves, Inc. If the order was ambiguous then parol evidence was admissible to clear up any uncertainty about the matter. 23 Tex. Jur.2d Sec. 374 at pg. 558; Cowan v. Hulse & Allen, 273 S.W. 663 (Tex.Civ. App.). In this connection the evidence shows that at times material during the course of Threadgill's employment with Jeffries-Eaves, Inc., he made purchases for them. Threadgill stated that during the period from June 1964 through December 1964, this was the method of operation and he didn't recall that Jeffries-Eaves, Inc. ever objected to any of his purchases or made him turn back any order; that Jeffries-Eaves, was constantly checking and in-

specting the terminal and its operation and knew at all times that Threadgill was pledging their credit. He stated that he ordered the Chef Tongs to give to Jeffries-Eaves' customers for Christmas; that an order such as here involved would ordinarily be placed on the ledger of Jeffries-Eaves, Inc. within thirty days; that normally debts were paid out of funds collected and on hand but Threadgill was discharged before this debt was paid. The evidence shows that Threadgill was an authorized signatory on the Jeffries-Eaves, Inc. bank account; that Fairfield was paid out of their bank account for truck rentals and the rent on the premises was paid out of this account. Such expenditures were regularly reviewed by Jeffries-Eaves, Inc.' personnel. The evidence supports the finding that Threadgill had authority from Jeffries-Eaves to sign the purchase order in question.

Threadgill stated that the Chef Tongs are advertising gimmicks; that each had a spatula on one end and a bottle opener on the other; that they were connected together in such manner as to make a pair of Chef Tongs which can be used to pick up and turn over meat. The evidence shows that they were delivered at the place of business of the parties in Dallas. Threadgill testified that he ordered them to give to Jeffries-Eaves' customers for Christmas and that he gave some of them as token Christmas presents to customers of Jeffries-Eaves. Some, but not all of such recipients were customers of both Threadgill and Jeffries-Eaves, Inc. The evidence shows that $80.00 was paid on the account. Jeffries stated that he thought such payment was paid by a Jeffries-Eaves check signed by him but was not certain because he had suffered a heart attack at about that time. He indicated that it might have been paid by a check sent by his wife, or that Jeffries-Eaves might have made the payment after he, Threadgill, was discharged. Jeffries-Eaves, Inc. did not present any evidence on this question.

In other points appellants contend that the court erred in holding that appellee's cause of action is not barred by the two year statute of limitations. The purchase order was dated September 18, 1964. It provided that payment of the account would be due in thirty days, that is, on October 18, 1964. Suit on the account was filed on October 28, 1966, which was more than two years after the due date of the account. Appellants contend that the two year statute of limitations is applicable and that appellee's cause of action is, therefore, barred. In support of this contention, appellants assert that no written promise of Jeffries-Eaves to pay the account is show because the purchase order signed by Threadgill does not show that he was acting as the authorized agent of Jeffries-Eaves; that a contract cannot be said to be a written contract within the meaning of Article 5527 Vernon's Ann.Tex. Civ.St. (the four year statute of limitations) unless all of its terms are in writing; that even if parol evidence established that Threadgill in signing the purchase order was acting as an authorized agent for Jeffries-Eaves, the proof of the writing would be partly by parol and an agreement partly in writing and partly parol is governed by the two year statute of limitations.

We cannot agree with the contention that the contract here involved is partly oral. The purchase order was in writing. It is well established that a written order on the faith of which goods are shipped and received constitutes a written contract within the four year statute of limitations. 37 Tex.Jur.2d 146. It is, likewise, well settled that where, as here, the authority of an agent to execute a writing is questioned, such authority may be shown by parol, and the status of the contract as a written instrument is not thereby altered. 60 Tex.Jur.2d p. 89; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W. 2d 824.

The judgment is affirmed.