**OSBORNE–KEMPER–THOMAS, INC.,**
Appellant,

v.

**MICKAN'S MEN AND BOYS SHOP,**
Appellee.

No. 5066.

Court of Civil Appeals of Texas,
Waco.

Nov. 4, 1971.

Rehearing Denied Dec. 2, 1971.

Walter S. Smith, Jr., Waco, for appellant.

John R. Duren, Copperas Cove, for appellee.

## OPINION

HALL, Justice.

Appellant instituted this action on sworn account to recover the price of merchandise sold by it on open account to appellee, Mickan's Men & Boys Shop. Appellee's pleadings recite that "Mickan's Men & Boys Shop" is a name under which Marvin Mickan does business.

Appellant's original petition was filed on March 24, 1971; and its first amended original petition was filed on June 9, 1971. Both pleadings show, and appellant acknowledges in its brief, that the account was due and payable on January 1, 1969.

Appellee answered by general denial. Additionally, appellee specially excepted to appellant's pleading on the ground that the petition shows on its face that appellant's cause of action accrued more than two years before the filing of the suit and is therefore barred by the two-year statute of limitation; "to-wit, plaintiff alleges under oath that its entire account was due and owing on January 1, 1969, whereas said suit was not filed until March 24, 1971." Limitation was not affirmatively pleaded as a defense.

The trial court concluded "that this action is barred by the 2-year statute of limitation;" and sustained defendant's exception, and rendered judgment "that plaintiff take nothing."

The sales of merchandise upon which this suit is based resulted from two purchase orders signed by Marvin Mickan as "owner" of appellee. The written orders are attached to appellant's original petition and are incorporated by reference in both the original and the amended pleadings. The orders describe the goods sold and set forth the sales prices. Both petitions allege that the merchandise was "sold and delivered" to the defendant by the plaintiff "at the special instance and request of defendant" * * * "and in consideration whereof the defendant then and there promised and agreed to pay plaintiff the several sums of money charged therefor * * *." Appellant contends that the purchase orders sufficiently constitute "contracts in writing" to bring this cause within the four-year statute of limitation,[1] and

1. Article 5527, Vernon's Ann.Tex.Civ.St. "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. * * *."

that the trial court erred in its conclusion that the two-year statute should apply.

■ The defense of limitation may be raised by exception only when plaintiff's petition affirmatively shows on its face that the cause of action asserted therein is barred. Birdwell v. American Bonding Company, (Tex.Civ.App., 1960, writ ref. n. r. e.) 337 S.W.2d 120, 128; 37 Tex.Jur.2d 386, Limitation of Actions, Sec. 198.

Although the purchase orders show that the price of the merchandise was charged to appellee, they do not contain an express promise or agreement for payment. However, in the case of International Printing Pressman & Ass'ts' Un. of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729, 736 (1947), the court said: "* * * it is not indispensable that the written instrument relied upon [to show that an action for debt is evidenced by or founded upon a contract in writing within the meaning of Article 5527] contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. * * *" The court then quoted with approval the following excerpt from the opinion in Reyburn v. Casey, 29 Mo. 129, which construed a statute similar to our Article 5527:

"The broad and comprehensive language of the statute evidently embraces all kinds of written instruments, without regard to their mere form or phraseology, which imply a promise or agreement

to pay money, and is not restricted to such as have the requisites of promissory notes, or to such instruments as contain an express promise or agreement upon their face to pay. It is sufficient if the words import a promise or agreement, or that this can be inferred from the terms employed."

[2] The rule seems to be well established that a written order on the faith of which goods are sold and delivered constitutes a written contract within the four-year statute of limitation, even though the order does not contain an express promise to pay. Laredo Electric Light & Mach. Co. v. United States Electric Lighting Co.,[2] (Tex.Civ.App., 1894, n. w. h.) 26 S.W. 310, 311; Lewis v. Taylor, (Tex.Civ.App., 1918, n. w. h.) 204 S.W. 383, 384; Smith v. Continental Supply Co., (Tex.Civ.App., 1926, n. w. h.) 283 S.W. 1082, 1085; Jeffries-Eaves, Inc. v. Vernon Company, (Tex.Civ.App., 1968, n. w. h.) 435 S.W.2d 573, 576; Jackson v. Paulsel Lumber Company, (Tex. Civ.App., 1970, writ ref., n. r. e.) 461 S. W.2d 161, 166, 168; 37 Tex.Jur.2d 146, Limitation of Actions, Sec. 38. Cf. Orbeck v. Alfei, (Tex.Civ.App., 1925, n. w. h.) 276 S.W. 947; Fidelity & Casualty Co. v. Callaghan & Graham, (Tex.Civ.App., 1907, n. w. h.) 104 S.W. 1073.

■ We hold that appellant's petition does not affirmatively show that the cause of action pleaded therein is barred by the two-year statute of limitation, and that the trial court erred in sustaining appellee's exception thereto.

The judgment is reversed and the cause is remanded.

2. Cited with approval in International Printing Pressmen & Ass'ts' Un. of North

America v. Smith, 145 Tex. 399, 198 S.W. 2d 729, 737 (1947).