**HAYS v. NABOURS.**

No. 2538.

Court of Civil Appeals of Texas. Eastland.

March 1, 1946.

Rehearing Denied March 29, 1946.

Baker & Baker, of Coleman, for appellant.

Dibrell, South & Snodgrass, of Coleman, for appellee.

LONG, Justice.

This is a suit by appellee Mollie Nabours against appellant Joe Hays, administrator of the Estate of Dennis Hays, deceased, for the title and possession of the furniture, fixtures and stock of merchandise of the store operated by Dennis Hays in his lifetime, located in the town of Santa Anna, Texas, and for certain deposits in the Santa Anna National Bank. The bank was made a party defendant and tendered said credits of deposit, subject to the orders of the court. Maude I. Hays, surviving wife of Dennis Hays, deceased, intervened and claimed that the property in question was community property of herself and her deceased husband. Upon the trial the following are the special issues submitted and the answers of the jury thereto:

"Special Issue No. 1: Do you find from a preponderance of the evidence that on or about September 25, 1944, Dennis Hays signed his name to the written instrument dated September 25, 1944, introduced in evidence? Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that on, or shortly after September 25, 1944, Dennis Hays delivered to Mollie Nabours the written instrument dated September 25, 1944, introduced in evidence? Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that Dennis Hays, in delivering said written instrument dated September 25, 1944, to Mrs. Mollie Nabours, if you have found that he did deliver the same to her, intended at the time to divest himself of the title to the property described therein? Answer: Yes.

"Special Issue No. 3–A: Do you find from a preponderance of the evidence that in the making and delivery of the written instrument, dated September 25, 1944, if any, there were other considerations received by Dennis Hays for the making and delivery of said instrument than the $10.00 described therein? Answer: Yes.

"Special Issue No. 3–B: From a preponderance of the evidence what do you find to be the actual monetary value to Dennis Hays in such other consideration, if any you have found in answer to Special Issue No. 3–A, other than the $10.00 described in said instrument, for the making

and delivery thereof by Dennis Hays to Mrs. Mollie Nabours? Answer: $4500.00.

"Special Issue No. 4: From a preponderance of the evidence, what amount of the $925.56 on deposit to the credit of Dennis Hays in the Santa Anna National Bank are proceeds of sales of merchandise since September 25, 1944, from the store operated in the name of Dennis Hays? Answer: $925.56.

"Special Issue No. 5: From a preponderance of the evidence what amount of the $516.03 on deposit to the credit of Sam Collier, Temporary Administrator of the Estate of Dennis Hays in the Santa Anna National Bank are the proceeds of sales of merchandise since September 25, 1944, from the store operated in the name of Dennis Hays? Answer: $516.03.

"Special Issue No. 5–A: Do you find from a preponderance of the evidence that any of the outstanding and unpaid accounts owing to Dennis Hays, not heretofore collected, were incurred for goods, wares, and merchandise sold from the Dennis Hays store after September 25, 1944? Answer: Yes.

"Special Issue No. 5–B: From a preponderance of the evidence what amount of said accounts, if any, were incurred for goods, wares and merchandise sold and delivered from Dennis Hays' store after September 25, 1944? Answer: $1104.00.

"Special Issue No. 6: Do you find from a preponderance of the evidence that at the time Dennis Hays delivered the written instrument, dated September 25, 1944, to Mrs. Mollie Nabours, if you have found that he did so, he delivered the same with the intention and purpose of defrauding Mrs. Maude Hays of her one-half community interest in said property? Answer: No."

Based upon the findings of the jury, judgment was entered for plaintiff for the title and possession of the furniture, fixtures, stock of groceries and the money on deposit in the defendant bank. From such judgment the defendant Joe Hays, Administrator, alone has appealed.

In various ways defendant has challenged the sufficiency of the evidence to support the findings of the jury to the issues submitted. It is necessary to give a brief statement of the facts adduced upon the trial and of the history of the case.

For several years Dennis Hays was engaged in the meat and grocery business in the town of Santa Anna. Just prior to his entering such business the last time and a few years before his death, plaintiff, Mollie Nabours, who was a widow residing on a farm nearby, obtained a loan on her automobile in the sum of $300 and turned the same over to Dennis Hays to use in the opening of said business. Mrs. Nabours began working in the store as a clerk, and from time to time advanced money to Dennis Hays to pay for cattle to be butchered and sold in the meat market. Dennis Hays was living separate and apart from his wife, and they had not lived together as man and wife for several years. The health of Dennis Hays became impaired and it was necessary that he be waited upon and nursed on several occasions. This duty was performed by Mrs. Nabours. So far as the record shows, she never received any pay for her work in the store or for nursing and caring for Mr. Hays. About September 25, 1945, Dennis Hays wrote and signed the following instrument (this being the written instrument inquired about in Issue No. 1):

"Santa Anna, Tex.
"Sept. 25, 1944

"For and in consideration of Ten ($10.-00) Dollars cash paid to me in hand I have this day bargained sold and conveyed to Mrs. Mollie Nabours my stock of groceries, meats and fixtures, she to satisfy all my debts.

"Dennis Hays

"Witness
"Sam H. Collier
"Ben W. Yarborough"

The witness, Sam Collier, testified that he saw Dennis Hays write the bill of sale and sign his name thereto. Ben Yarborough testified that he signed the bill of sale at the request of Dennis Hays as a witness, and that he saw him deliver the same to Mrs. Nabours. The testimony of various witnesses in substance shows that he told the witnesses that he did not have any money at the time he went into business the last time, and that Mrs. Nabours had furnished the money upon which to operate the business. We quote from the testimony of Mrs. J. H. Brannon, as follows:

"Q. Did Dennis Hays ever say anything to you about Mrs. Nabours having furnished money for his business? A. Yes, sir.

"Q. What did he say about that? A. He said he was operating on Mrs. Nabours' capital; he said, 'Mrs. Brannon, I did not have a dime when I opened up, and you could have carried all I had or was able to buy in your apron, and if it had not been for Mrs. Nabours we would not have had any meat market at all.'"

Defendant contends that there are many inconsistencies and contradictions in the evidence. There is evidence that Mr. Hays continued to operate the business after the execution and delivery of the bill of sale to Mrs. Nabours. Also, that he made statements to witnesses after the date of such bill of sale that he would like to sell the business and go away and take a rest.

We agree that there are conflicts and discrepancies in the testimony, but these were for the jury to reconcile, and where there is evidence to support their findings, they will not be disturbed. Murray Gin Co. v. Putman et al., Tex.Civ.App., 170 S.W. 806; 17 T.J. p. 904, sec. 407.

"Wisely the duty of reconciling conflicts or adopting one or the other theory shown by the evidence is placed upon the jury, who can see and hear the witnesses and form a much clearer opinion of the weight or importance to be attached thereto than can members of this court from a perusal of same." Hodde et al. v. Malone Real Estate Co., Tex.Civ.App., 196 S.W. 347, 350.

After a very careful and thoughtful consideration of the evidence, we are of the opinion that it is sufficient to support the findings of the jury to all the issues submitted.

Shortly after the death of Dennis Hays, Mrs. Nabours filed an application in the county court for the appointment of a temporary administrator of his estate and set out in said application that Dennis Hays left an estate consisting of a grocery business, and that she owned the furniture and fixtures. Sam H. Collier was appointed temporary administrator, and thereafter, Joe Hays was appointed permanent administrator. Defendant contends that by reason of Mrs. Nabours' having invoked the jurisdiction of the county court, that she could not thereafter maintain this suit in the district court. To this contention we do not agree. Her suit filed in the district court was based upon the bill of sale executed and delivered to her by Dennis Hays and was a suit for specific personal property.

Such a suit may be maintained in the district court, 14 T.J. sec. 287; Barlow v. Anglin, Tex.Civ.App., 45 S.W. 857. Defendant further contends that Mrs. Nabours by her actions in filing such an application for temporary administrator and at that time claiming she owned only the furniture and fixtures is now estopped from claiming the deposits in the bank and the stock of groceries. An estoppel could have only been raised by proper pleadings in the trial court. No such pleadings were filed, and, therefore said point is overruled. 17 T.J. 146; Leon v. Gulf Production Co., Tex.Civ.App., 35 S.W.2d 1101.

All points raised by defendant in his brief have been carefully considered, and finding no reversible error, the judgment of the trial court is in all things affirmed.